## WELLS v. UNITED STATES.

No. 11, Original.   Argued February 10, 1943.—Decided March 1, 1943.

*Mr. Henry J. Friendly* for petitioner.

*Assistant Attorney General Berge,* with whom *Solicitor General Fahy* and *Messrs. Oscar A. Provost* and *Robert S. Erdahl,* and *Miss Melva M. Graney* were on the brief, for the United States.

PER CURIAM.

In 1938 petitioner, in the Western District of Texas, pleaded guilty to an indictment in four counts charging him with violation of the Bank Robbery Act, 12 U. S. C. § 588b, and was sentenced to consecutive terms of imprisonment aggregating 90 years.  On May 6, 1942, the trial court, after petitioner's successful appeal to the Cir-

cuit Court of Appeals, 124 F. 2d 334, granted his motion for resentence and sentenced him on two of the counts on which he had been convicted, for consecutive terms aggregating 45 years. On the same day he began the present proceeding by a petition in the trial court to set aside his conviction on the ground that his plea of guilty had been induced by threats and false statements on the part of government officers having him in custody, and that on entering his plea of guilty he had been denied the benefit of counsel.

The district court denied the petition on May 7, without calling for a response from the Government, without making findings or writing an opinion, and apparently without holding a hearing. Its order recited that the court "is of the opinion that said petition is wholly insufficient as a matter of law; that the matters and things therein contained have heretofore been adjudicated and that said petition should in all things be denied."

On May 28 petitioner moved in the district court that he be allowed to appeal in forma pauperis. The court denied the motion, and certified that "in the opinion of the court such an appeal is not taken in good faith."

Petitioner later presented to the Circuit Court of Appeals for the Fifth Circuit an application for allowance of an appeal in forma pauperis, which was likewise denied. That order does not set forth the ground on which the denial was rested, but an earlier opinion, *In re Wragg,* 95 F. 2d 252, 253, states the court's view that it is without power to allow an appeal in forma pauperis when the trial court has certified that the appeal is not taken in good faith. We granted certiorari to the Circuit Court of Appeals upon a timely petition which asked that the writ be issued to that court and to the district court. 317 U. S. 616.

The Government admits that the allegations in the petition to set aside the conviction raise an issue as to

the constitutional validity of the judgment of conviction which could be tried on habeas corpus (see *Waley* v. *Johnston,* 316 U. S. 101). But it denies that the Court of Appeals had jurisdiction to pass upon the point in this proceeding for the reason, among others, that consideration of the merits of the appeal by any appellate court was foreclosed by the district court's certification that the appeal was not in good faith.

The Act of June 25, 1910, 36 Stat. 866, as amended, 28 U. S. C. § 832, provides that any citizen, upon filing an affidavit of poverty, "may, upon the order of the court, commence and prosecute or defend to conclusion any suit or action, or an appeal to the circuit court of appeals, or to the Supreme Court in such suit or action, including all appellate proceedings, unless the trial court shall certify in writing that in the opinion of the court such appeal is not taken in good faith, without being required to prepay fees or costs . . ." The Government argues that, under the Act of 1910, when the trial court certifies that the appeal is not taken in good faith, the action of the judge in issuing the certificate is final, and not reviewable on appeal.

For purposes of this case, we shall assume, as petitioner contends, that the Act of 1910 does not foreclose all appellate review in forma pauperis when the trial court has certified its opinion that the appeal is not taken in good faith. But we think that where, as in this case, leave is necessary to perfect the appeal, the certification must be given effect at least to the extent of being accepted by appellate courts as controlling in the absence of some showing that the certificate is made without warrant or not in good faith.

Neither from the record nor from petitioner's application to the Circuit Court of Appeals, which he has filed in this Court, does it appear that he attacked the sufficiency of the district court's certificate upon these or any other

grounds. Nor can we say that there is want of support for the district court's recital in its order that "the matters and things" contained in the application to set aside the conviction "have heretofore been adjudicated." For the Government's brief points out that petitioner, before his application to the district court in this proceeding, had unsuccessfully sought release from custody in two habeas corpus proceedings, of which the federal courts may take judicial notice, both brought in the Northern District of California. In the second, there was a hearing in which he testified in his own behalf; other evidence was taken both oral and documentary, and the court made findings of fact contrary to the allegations of fact on which petitioner now relies. We cannot say that the district court in this case was unfamiliar with those proceedings, merely because they do not appear in the record before us.

Even though the Circuit Court of Appeals could allow an appeal in forma pauperis to review, in the light of all the circumstances, the adequacy of the district court's certificate, it does not appear that appeal was sought on that ground or that there is anything of record to support such an appeal. The Circuit Court of Appeals' order denying leave to appeal in forma pauperis must therefore be affirmed.

Apart from the in forma pauperis statute, petitioner's appeal to the Circuit Court of Appeals from the order denying his application to vacate the conviction was governed not by Rule III of the Rules in Criminal Cases, but by § 8 (c) of the Act of February 13, 1925, 28 U. S. C. § 230, which requires that proper application be made for the allowance of an appeal. *United States ex rel. Coy* v. *United States,* 316 U. S. 342, 344; *Nye* v. *United States,* 313 U. S. 33, 44. We have no occasion to decide now what effect should be given to a certificate of bad faith in a case where the jurisdiction of the Circuit Court of Appeals attaches upon the mere filing of a notice of appeal, inde-

pendently of any application for leave to appeal in forma pauperis. Cf. *Walleck* v. *Hudspeth,* 128 F. 2d 343.

*Affirmed.*

MR. JUSTICE RUTLEDGE took no part in the consideration or decision of this case.