## GARGANO v. UNITED STATES.
### No. 10539.

Circuit Court of Appeals, Ninth Circuit.
Jan. 20, 1944.

See, also, 137 F.2d 944.

Phillip Gargano, in pro. per., for appellant.

Frank J. Hennessy, U. S. Atty., and James T. Davis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was indicted in three counts, was arraigned, pleaded not guilty and was tried, convicted and sentenced on all counts of the indictment. The judgment sentencing appellant was entered on February 5, 1938. On February 12, 1943—long after the expiration of the term of court at which the judgment was entered—appellant moved to vacate and set aside that part of the judgment which sentenced him on count 2 of the indictment, on the ground that that part of the judgment was void because counts 1 and 2 charged a single offense. The court heard the motion and, on May 24, 1943, made an order denying it. From that order this appeal was taken.

Questions presented are (1) whether we have jurisdiction of the appeal; if so, (2) whether the District Court had jurisdiction of the motion; and if so, (3) whether the motion was well founded.

First. With inapplicable exceptions, circuit courts of appeals have jurisdiction to review by appeal all final decisions in the district courts [1] and, with inapplicable exceptions, have no other appellate jurisdiction. Circuit courts of appeals have many times entertained appeals from orders denying motions to amend, modify, vacate or set aside judgments in criminal cases [2] and so, in effect, have held that such orders are final decisions. The Supreme Court, in several cases, appears to have assumed the appealability of or-

[1] Judicial Code, § 128(a), 28 U.S.C.A. § 225(a).

[2] Audette v. United States, 9 Cir., 99 F.2d 113; Kelly v. United States, 9 Cir., 138 F.2d 489; Fine v. United States, 7 Cir., 67 F.2d 591; United States v. Harrison, 2 Cir., 99 F.2d 1017; Gilmore v. United States, 10 Cir., 124 F.2d 537; United States ex rel. Coy v. United States, 6 Cir., 124 F.2d 1019; Gilmore v. United States, 10 Cir., 129 F.2d 199.

ders granting [3] or denying [4] such motions, which is to say, it appears to have assumed that such orders are final decisions. We conclude that the order here appealed from was a final decision and hence appealable, and that we have jurisdiction of the appeal.

■ Second. The general rule is that a district court has no jurisdiction to entertain a motion to amend, modify, vacate or set aside its judgment in a criminal case unless the motion is made within the term at which the judgment was entered.[5] There are, however, exceptions to this rule. One exception is where the motion is made on the ground that the judgment imposes two sentences for a single offense.[6] Appellant's motion was made on that ground and therefore was within the exception. Hence the District Court had jurisdiction to entertain it.

■ Third. Counts 1 and 2 of the indictment were based on § 2 of the Act of February 9, 1909, c. 100, 35 Stat. 614, as amended by § 1 of the Act of May 26, 1922, c. 202, 42 Stat. 596, 21 U.S.C.A. § 174.[7] Count 1 charged that appellant, on or about July 7, 1937, fraudulently and knowingly facilitated the transportation of a certain lot of morphine which, as appellant then and there well knew, had been imported into the United States contrary to law. Count 2 charged that appellant, on or about July 8, 1937, fraudulently and knowingly concealed and facilitated the concealment of the same lot of morphine. Obviously these counts charged distinct offenses.[8] We accordingly hold that appellant's motion was not well founded.

■ After taking this appeal, appellant requested us to appoint counsel for him. We denied the request on August 27, 1943.[9] We stated then that there was "no showing of merit in the appeal;" to which we now add that there could be no such showing, for there was and is no merit in the appeal.

Order affirmed.

---

[3] United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L. Ed. 354.

[4] United States ex rel. Coy v. United States, 316 U.S. 342, 62 S.Ct. 1137, 87 L. Ed. 1517; Wells v. United States, 318 U.S. 257, 63 S.Ct. 582.

[5] United States v. Mayer, supra; Pattison v. United States, 9 Cir., 2 F.2d 14; Kelly v. United States, supra; Fine v. United States, supra; United States v. Capone, 7 Cir., 93 F.2d 840; United States v. Harrison, supra; United States ex rel. Coy v. United States, 6 Cir., 124 F. 2d 1019; Gilmore v. United States, 10 Cir., 129 F.2d 199.

[6] Gilmore v. United States, 10 Cir., 124 F.2d 537. See, also, Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 1017, 85 L.Ed. 1392, where petitioner, long after the expiration of the term of court at which he was adjudged guilty and sentenced, sought habeas corpus on the ground, inter alia, that the judgment imposed two sentences for a single offense,

and the Supreme Court held that his remedy was "to apply for vacation of the sentence and a resentence in conformity to the statute under which he was adjudged guilty," thus inferentially holding that, despite the expiration of the term, such an application could be entertained.

[7] "If any person fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or assists in so doing or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, such person shall upon conviction be fined not more than $5,000 and imprisoned for not more than ten years."

[8] Cf. Parmagini v. United States, 9 Cir., 42 F.2d 721; Silverman v. United States, 1 Cir., 59 F.2d 636; Palmero v. United States, 1 Cir., 112 F.2d 922.

[9] Gargano v. United States, 9 Cir., 137 F.2d 944.