## SPRUILL v. TEMPLE BAPTIST CHURCH.

### Misc. No. 41.

United States Court of Appeals
District of Columbia.

Decided Jan. 31, 1944.

Rehearing Denied April 8, 1944.

Georgia M. Spruill, pro se.

No appearance for respondent.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

 In the case of Waterman v. McMillan,[1] this court interpreted the statute relating to appeals in forma pauperis and outlined the procedure to be followed in presenting such an application to this court. Among other things, we said—following the guidance of the Supreme Court in Wells v. United States [2]—"The purpose of the statute is that the application to proceed in forma pauperis, accompanied by the affidavit, should promptly be made to the District Court, in the first instance, to enable that court, with its full and immediate knowledge of the facts, to determine whether the appeal has been taken in good faith, and if it reaches a contrary conclusion, to make its certificate accordingly. * * * If the District Court does certify to a lack of good faith in the prosecution of an appeal, the certification must be given effect, at least to the extent of being accepted by this court as controlling, in the absence of some showing that the certificate was made without warrant, or was itself not made in good faith."

In the present case, we have for consideration a notice of appeal and petition to proceed in forma pauperis, attached

[1] 77 U.S.App.D.C. 310, 311, 135 F.2d 807, 808.

[2] 318 U.S. 257, 63 S.Ct. 582.

to which is the following certificate: "December 30, 1943. Application not brought in good faith; leave to proceed to appeal without prepayment of costs denied. F. Dickinson Letts Justice." It remains to be determined, therefore, whether a showing has been made that the certificate above set forth was made without warrant, or was not made in good faith. An examination of the notice and petition filed in this court reveals no such showing. It is suggested by the petitioner that the certificate of Justice Letts is "a statement after the case on appeal was out of the jurisdiction of that court * * *." On the contrary, the case was, for that purpose, within the jurisdiction of the court and the certificate constitutes an express compliance with the requirement of the statute.

■ The notice and petition suggests, further, that the certificate of the trial judge constitutes a repudiation of the earlier order signed by the Chief Justice of the District Court, permitting the petitioner to proceed in that court in forma pauperis. This, of course, evidences a complete misconception on the part of the petitioner. The entry of the earlier order related to the prosecution of the case in the District Court; it had not the slightest bearing upon the exercise of the court's discretion in certifying, as it did, concerning the notice of appeal to this court. The notice which was filed in the District Court shows on its face that the judgment from which appeal is noticed, was entered on the 24th day of November, 1943, several months after the entry of the order permitting prosecution of the case in forma pauperis in the District Court.

■ The other matter which appears in the notice and petition is of even less merit. It is necessary, therefore, under the rule, that the certification of the District Court be given effect and the petition denied.[3] Whatever may constitute a sufficient showing within the meaning of the language of the Supreme Court in the Wells case,[4] it is certain that none of the points urged by the petitioner in the present case constitute such a showing.

Petition denied.

[3] Murrey v. United States, 8 Cir., 130 F.2d 20; Bates v. Johnston, 9 Cir., 138 F.2d 160; McGrew v. Johnston, 9 Cir., 124 F.2d 432, certiorari denied 316 U.S. 669, 62 S.Ct. 1042, 86 L.Ed. 1744.

[4] Wells v. United States, 318 U.S. 257, 63 S.Ct. 582.