## JOHNSON v. HUNTER, Warden.

Circuit Court of Appeals, Tenth Circuit.

Aug. 26, 1944.

566

No attorneys.

Before PHILLIPS and MURRAH, Circuit Judges, and RICE, District Judge.

RICE, District Judge.

Petitioner seeks permission of this court to appeal in forma pauperis from an order of the United States District Court, State of Kansas, denying him the right to file a petition for a writ of habeas corpus and to proceed therein without payment of costs. Petitioner attempted to proceed in forma pauperis in the District Court under the provisions of 28 U.S.C.A. § 832, which provides that a poor person may commence his action "upon the order of the court," and that he may appeal to the Circuit Court of Appeals "unless the trial court shall certify in writing that in the opinion of the court such appeal or writ of error is not taken in good faith." He was denied the right to proceed in forma pauperis in the District Court on the ground that his petition was without merit and that he should not be allowed to proceed at the expense of the government. In due time the petitioner presented to the District Court his Application for Leave to Appeal in Forma Pauperis. The District Court, after reviewing the files, denied the application and certified that the proposed appeal "is not taken in good faith, is frivolous, and is without merit."

Attached to the Petition for Leave to Appeal filed herein is a copy of the original Petition for Writ of Habeas Corpus and copies of the orders entered by the District Court. Both orders were based by the District Court solely upon the proposition that the Petition for Writ of Habeas Corpus fails to disclose that petitioner has a meritorious cause and that it presented no issue of fact upon which the petitioner is entitled to a hearing under the rule announced in Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302.

A District Court is not required to permit a poor person to file a petition without payment of costs unless there is a showing of merit. Whittle v. St. Louis & San Francisco R. Co., C.C., 104 F. 286; Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457.

An appeal from a final decision of District Court is a matter of right, but the right to appeal in forma pauperis is regulated by special statute, 28 U.S.C.A. § 832 Holiday v. Johnston, Warden, 9 Cir., 123 F.2d 867, certiorari denied Ex parte Holiday, 316 U.S. 660, 62 S.Ct. 940, 86 L.Ed. 1737.

It may be assumed for the purposes of this case that 28 U.S.C.A. § 832 does not foreclose all appellate review in forma pauperis when the trial court has certified its opinion that the appeal is not taken in good faith. However, the certi-

ficate of the trial court in such cases will be given effect at least to the extent of being accepted here as controlling in the absence of some showing that the certificate is made without warrant or not in good faith. Cf. Waterman v. McMillan et al., 77 U.S.App.D.C. 310, 135 F.2d 807; Spruill v. Temple Baptist Church, 78 U.S.App.D.C. 324, 141 F.2d 137; Wells v. United States, 318 U.S. 257 63 S.Ct. 582, 87 L.Ed. 746.

■ An examination of the papers attached to the Petition for Leave to Appeal in Forma Pauperis discloses that the certificate of the trial court was not made without warrant and that it was made in good faith. According to the Petition for Writ of Habeas Corpus filed in the District Court the petitioner was convicted by a jury composed of eleven white men and one negro in the United States District Court for the Western District of Kentucky and sentenced on the 24th day of November, 1942, to a term of five years on a charge of violation of the Mann Act, Title 18, Section 398, U.S.C.A. Of the eleven separate paragraphs contained in the original Petition for Writ of Habeas Corpus, only three deserve consideration. In the third paragraph it is alleged that "the petitioner's defense witnesses were threatened and intimidated and not permitted to appear at petitioner's trial." In the fourth paragraph it is alleged that "one defense witness was ordered to leave town (Morganfield, Kentucky), and was ordered not to appear as a defense witness." In the sixth paragraph it is alleged that "the negro juryman was intimidated by the eleven (11) white jurymen to agree on a guilty verdict."

It is apparent that in the third and fourth paragraphs of his petition the petitioner is attempting to bring himself within the rule announced in Pyle v. State of Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214, but the allegations contained in said paragraphs fall short of bringing him within the rule announced therein. The allegations as made do not charge that anyone connected with petitioner's prosecution intimidated any of his witnesses or ordered them to leave town. There is no showing whatever that any witnesses alleged to have been intimidated could or would have testified to anything material to his defense. The record shows that petitioner was represented at the time of trial by counsel. There is no charge that the court failed to afford him the right of compulsory process for his witnesses, and there is a complete absence of any showing that the prosecution had knowledge of or participated in the intimidation of his witnesses or the suppression of any evidence material to his defense.

■■ There remains for consideration the charge that one negro juror was intimidated by eleven white jurors and by reason of such intimidation agreed to a verdict of guilty. This fact if true, would invalidate the verdict. The difficulty that is presented is that it probably is a fact incapable of being proved. It is evident that proof of the fact, if true, would be impossible by anyone other than the negro juror whom the petitioner seeks to have called as a witness in his behalf, and unless this negro juror is a competent witness to testify in support of the allegations contained in the sixth paragraph of the petition for the writ, no hearing was required.

The general rule is that evidence of jurors is not admissible to impeach their verdict. Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917; Jordon v. United States, 66 App.D.C. 309, 87 F.2d 64, certiorari denied 303 U.S. 654, 58 S.Ct. 762, 82 L.Ed. 1114; Lancaster v. United States, 5 Cir., 39 F.2d 30; Walsh v. United States, 7 Cir., 174 F. 615, certiorari denied 215 U.S. 609, 30 S.Ct. 409, 54 L.Ed. 347.

■ The burden is upon the indigent litigant to allege facts which, if true, entitle him to relief. He may also be required to make a satisfactory showing that he can produce competent evidence in support of the allegations before he is entitled to proceed without payment of costs and at the expense of the government. Courts are and should be diligent to afford to indigent litigants with a meritorious cause the benefit of the statute. On the other hand, they are fully justified in being diligent in limiting such actions to those in which there is a showing of merit.

It may be that the petitioner, under the true facts, can file a petition which shows such merit that the trial court will permit him to proceed in forma pauperis. We think the trial court was well within his discretion in denying petitioner the right to proceed in forma pauperis on the petition which he filed. The denial of the appeal herein is without prejudice to the right of petitioner to file another petition.

The petition for leave to appeal is denied.