## ROSCOE v. UNITED STATES.
### No. 9934.

Circuit Court of Appeals, Sixth Circuit.
April 6, 1945.

Writ of Certiorari Denied June 18, 1945.
See 65 S.Ct. 1581.

W. Massey Foley, of Cincinnati, Ohio, for appellant.

Vincent Fordell, of Detroit, Mich. (John C. Lehr and Vincent Fordell, both of Detroit, Mich., on the brief), for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

PER CURIAM.

It appears that on July 30, 1942, appellant was arraigned before the presiding Judge of the United States District Court for the Eastern District of Michigan, Southern Division, to answer charges contained in an indictment of five counts, each charging a violation of Title 12, U.S.C. § 588b (a) (b), 12 U.S.C.A. § 588b (a), (b), and that appellant plead guilty to each of the counts and was sentenced to serve twenty-five years on each of four counts, with the sentence on two counts to run concurrently and on two counts to run consecutively.

On February 17, 1943, the trial court vacated the sentences under three of the four counts and left remaining a sentence of twenty-five years on one count, which appellant is now serving. On September 3, 1943, appellant filed in the original ac-

tion a motion to vacate the sentence and judgment and to grant him a new trial, which motion was denied. The ground of the motion is that while appellant was being held in custody in violation of Title 18, U.S.C. § 595, 18 U.S.C.A. § 595, a confession of the crimes charged in the indictment was extorted from him and that notwithstanding the fact that at the time of his arraignment he stated to the court that he understood the charges against him and that he did not desire counsel and that he plead guilty voluntarily, he claims the judgment of the court is void because of his confession illegally obtained.

Appellant relies on McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L. Ed. 819. The rule of this case is confined to situations where the confession illegally obtained is introduced in evidence. It does not give immunity from the result of a plea of guilty voluntarily made in open court after the defendant on inquiry from the presiding Judge has stated that he does not desire the advice and assistance of counsel and that he understands the charges laid in the indictment and voluntarily pleads guilty. The order of the District Court is sustained.