## UNITED STATES v. MONJAR et al.
### No. 88 March Term, 1942.

District Court. D. Delaware.
March 4, 1946.

E. Russell Kelly, Sp. U. S. Atty., of Baltimore, Md., and W. Thomas Knowles, Asst. U. S. Atty., of Wilmington, Del., for the United States.

William E. Leahy and James F. Reilly, both of Washington, D. C., for defendant John Fenton Jones.

LEAHY, District Judge.

Jones, with others, was tried for violations of the Mail Fraud Statute,[1] the fraud provisions of the Securities Act,[2] and conspiracy to violate both statutes.[3] The jury returned a verdict of guilty. The judgment of conviction was affirmed.[4] Certiorari was denied.[5] While the other defendants who were found guilty commenced service of their sentences, Jones filed a petition for a writ of error coram nobis.

The government filed a pleading denominated as "A Response in Opposition." It raises three points: (1) The court is without jurisdiction to issue a writ of error coram nobis; (2) petitioner's allegation is nothing more than a motion for a new trial filed long after the term has passed upon which the conviction was obtained; and (3) the matters urged in support of relief are insufficient in any event. If jurisdiction is resolved in favor of Jones, the remaining question is whether his moving papers and the trial record present circumstances whereby Jones should be given an opportunity by a hearing to adduce facts in support of his petition for the issuance of the writ.

The first question is whether power exists to issue a writ of error coram

---

[1] 18 U.S.C.A. § 338.
[2] 15 U.S.C.A. § 77q.
[3] 18 U.S.C.A. § 88.
[4] 3 Cir., 147 F.2d 916.
[5] 325 U.S. 859, 65 S.Ct. 1191.

nobis.[6] The government, supporting its argument that a federal district court lacks jurisdiction to entertain the writ, has offered a brief once filed by the Department of Justice in the Supreme Court in the case of Wells v. United States, 318 U.S. 257, 63 S. Ct. 582, 87 L.Ed. 746. The second point raised by the government, in opposition to the granting of certiorari, in the Wells case was "The District Court had no power to vacate its judgment after the expiration of the term" because (1) there is no applicable federal statute which grants a correctional power in criminal cases such as that exercised on a writ of error coram nobis at common law; (2) the writ of error coram nobis, utilized in England in criminal cases, was so obscure and inappropriate to our system of government, the early Congress can not be supposed to have made it available to the federal courts by the "all writs" statute;[7] and (3) as there is an adequate remedy by habeas corpus, there is no need in the federal judicial system for the correctional remedy made available by writ of error coram nobis at common law. Certiorari was granted in the Wells case,[8] but after argument, the Supreme Court passed by the second question and decided the case on another point.[9]

■ The point urged by the government in the Wells case was later brought forward in United States v. Steese, 3 Cir., 144 F.2d 439, 442, where it was again argued that under the "all writs" section (28 U.S.C.A. § 377) a district court had no power to issue a writ of error coram nobis. Any doubt which may have existed as to whether the writ is available is resolved by this Circuit's decision in the Steese case, for it was there decided that a federal district court had power to utilize the writ in a proper case. The Court in the opinion said: "We think, however, a court is not helpless to remedy an injustice, if one is proved to have been committed, which goes to the extent of depriving a man of his constitutional rights. The motion in the particular case may be treated, for this purpose, as a modern substitute for the ancient writ of error coram nobis. We think the present question involving protection of one's rights under the constitution is just as fundamental as those for the protection of which this time honored writ was devised and used in the early common law procedure." Judge Biggs in a concurring opinion was clearly of the view that the writ of error coram nobis was within the "all writs" section and a district court had direct statutory power to issue such a writ. So, no matter how the particular remedial procedure is denominated, it is the law of this Circuit, at least, that a federal district court has inherent power to correct an obvious injustice. Accordingly, the government's motion to dismiss the petition for lack of jurisdiction is denied.

■ Without deciding that the "PL's" constituted the crux of the over-all scheme to defraud as outlined in the indictment, they did play an important part in the government's case.[10] At the trial GX. 291 and 297 were offered in evidence. These exhibits indicated Jones had received about $31,000 of PL money. The present petition alleges Jones never received any of the PL funds; that long after his conviction and the affirmance thereof he learned, for the first time, that the $31,000 had, in fact, been paid to one of the counsel for all the defendants, although debited against Jones and without his knowledge. These and other charges form the basis for his complaint that a vital error in fact occurred at the trial not known by Jones or ei-

---

[6] The function of the writ at common law was correctional—granted by the court rendering judgment to correct an error of fact which if known at the time of rendition the judgment would not have been entered. The basis for the issuance of the writ is the error of fact and the result is when the writ issues there is no re-trial of old issues of fact already tried but the new trial is granted simply to try an error of fact which was unknown to either side, or particularly unknown to defendant, and unknown to the court and unknown to the jury. In short, this extraordinary remedy is to correct errors which are so fundamental to the trial of the case itself that justice and necessity compel the utilization of the writ.

[7] 28 U.S.C.A. § 377.

[8] 317 U.S. 616, 63 S.Ct. 151, 87 L.Ed. 500.

[9] See Wells v. United States, 318 U.S. 257, 63 S.Ct. 582, 87 L.Ed. 746.

[10] For a detailed discussion of the "PL's" see this court's opinion overruling defendants' demurrer to the indictment, 47 F.Supp. 421, 423–424, and the Circuit Court's discussion at, 3 Cir., 147 F.2d 916, 920.

ther the court or jury; and it is argued such evidence tying Jones into the PL scheme to defraud could have had no other influence on the jury but to point to Jones' guilt. It is concluded that the allegations in the present petition compel a hearing to determine whether there should be an issuance of the writ of error coram nobis.

An order fixing such a hearing will be entered.