## WELLS v. UNITED STATES.

### No. 11891.

Circuit Court of Appeals, Fifth Circuit.
Dec. 30, 1946.

Rehearing Denied Jan. 25, 1947.

Selvie W. Wells, Alcatraz, Calif., pro se.

J. M. Burnett, U. S. Atty., Henry W. Moursund, Sp. Asst. to the Atty. Gen., and Joel W. Westbrook, Asst. U. S. Atty., all of San Antonio, Tex., for appellee.

Before HUTCHESON, McCORD and LEE, Circuit Judges.

PER CURIAM.

On July 16, 1946, appellant, without first applying to this court for leave, filed in the United States District Court for the Western District of Texas motion to vacate and set aside a judgment and sentence which on

his appeal had been affirmed in part here.[1] His motion denied and, on the motion of the United States, dismissed, appellant is here insisting that it was error to deny and dismiss it. We do not think so.

■ This is the second time that he has been here on the same errand,[2] and the fourth time that he has unsuccessfully sought release from custody. The first two times were in habeas corpus proceedings, both brought in the Northern District of California, of which in his former appearance here we took and now take judicial notice.

■ In the second of these habeas corpus proceedings, "There was a hearing in which he testified in his own behalf; other evidence was taken both oral and documentary, and the court made findings of fact contrary to the allegations of fact on which petitioner now relies," Wells v. United States, 318 U.S. 257, at page 260, 63 S.Ct. 582, 584, 87 L.Ed. 746. The proceeding dealt with in 318 U. S., supra, and the proceeding from which this appeal comes were not habeas corpus proceedings. They were motions filed in the sentencing court in the nature of writs of error coram nobis,[3] and we know no reason why the doctrine of res judicata should not apply to this second attempt to relitigate the same matters.

■ Even in habeas corpus proceedings, to which the doctrine of res judicata does not strictly apply, an abusive use of the writ may be prevented and a prior refusal to discharge on a like application may be made the authority for a refusal on subsequent ones.[4]

■ *It goes without saying that* concern that no one be deprived of his liberty without due process of law is a paramount consideration in the administration of justice, but to say this is not to say that that concern completely overrides all considerations of finality of judgments and of respect for legal and orderly procedures.

■■ We think it plain that the District Judge was right in denying the motion. If, because the judgment he seeks to set aside was affirmed here [5] and the cause remanded for further proceedings not inconsistent with our opinion, appellant needed leave from us to file, the District Judge was right in denying his petition for want of that leave. If, however, Appellant did not need leave because our judgment of affirmance was not entered on an appeal from the judgment when it was entered against him in 1938, but only from the judgment denying his motion for resentence, the District Judge was right in denying the motion because the matters asserted in it had been already several times adjudicated against him, and litigation must at some time come to an end. The judgment is affirmed.

---

**1** "The judgment appealed from is affirmed in so far as it upheld the sentences imposed under counts three and four, and reversed as to the sentences imposed under counts one and two; and this cause is remanded to the district court for the correction of the mittimus, and for such further proceedings as are not inconsistent with this opinion." Wells v. United States, 5 Cir., 124 F.2d 334, 335.

**2** Wells v. United States, 318 U.S. 257, 63 S.Ct. 582, 87 L.Ed. 746.

**3** Pierce v. United States, 5 Cir., 157 F.2d 848; Cf. Carter v. People, 67 S.Ct. 216, 219.

"A State may provide that the protection of rights granted by the Federal Constitution be sought through the writ of habeas corpus or coram nobis It may use each of these ancient writs in its common law scope, or it may put them to new uses; or, it may afford remedy by a simple motion brought either in the court of original conviction. or at the place of detention."

**4** Salinger v. Loisel, 265 U.S. 224, at page 231, 44 S.Ct. 519, 68 L.Ed. 989; Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L. Ed. 572.

**5** Wells v. United States, 5 Cir., 124 F. 2d 334.