## KING v. UNITED STATES.

## IZLAR v. UNITED STATES.

### Nos. 12957, 12958.

United States Court of Appeals
Fifth Circuit.

Dec. 7, 1949.

No appearance entered on behalf of appellant in either case.

Cavett S. Binion, Asst. U. S. Atty., Fort Worth, Tex., for appellee.

Before McCORD and WALLER, Circuit Judges, and RICE, District Judge.

PER CURIAM.

We have consolidated these two appeals, since the records in each case are identical and present the same issues of law and fact.

Appellants, having been convicted and sentenced to serve five years each for violations of the National Motor Vehicle Theft Act, Title 18 U.S.C.A. § 2312, now seek release by motions to vacate judgment under Title 28 U.S.C.A. § 2255, on the ground that after their arrest and while they were being held in custody for said offense, confessions were extorted from them by means of coercion and duress. They rely upon McNabb v. U. S., 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, and similar cases, as authority in support of their contention that their confessions and the convictions and sentences resulting therefrom are illegal and void. See also, Ashcraft v. Tennessee, 322 U.S. 143, 64 S.Ct. 921, 88 L.Ed. 1192; Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716.

A careful examination of the record in these cases impels the conclusion that the point raised is wholly without merit. The record here conclusively reveals that at the t'me appellants were arraigned on the charges contained in the indictments against them they were fully and fairly apprised of their constitutional rights. They acknowledged that they understood the charges against them, and that they did not desire the assistance of counsel, but wished to waive such right and plead guilty to the offenses with which they were charged. Ossenfort v. Pulaski, 5 Cir., 171 F.2d 246; Cf. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357. Moreover, it appears that the confessions which appellants now allege were illegally obtained were not even used in evidence against them, and under such circumstances the following language of the court in Roscoe v. U. S., 6 Cir., 148 F.2d 333, 334, certiorari denied 325 U.S. 890, 65 S.Ct. 1581, 89 L.Ed. 2003, is particularly applicable: "Appellant relies on McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819. The rule of this case is confined to situations where the confession illegally obtained is introduced in evidence. It does not give immunity from the result of a plea of guilty voluntarily made in open court after the defendant on inquiry from the presiding Judge has stated that he does not desire the advice and assistance of counsel and that he understands the charges laid in the indictment and voluntarily pleads guilty. * * *"

It follows that the judgments should be, and the same are hereby

Affirmed.