## NEWMAN v. UNITED STATES.

### Misc. No. 215.

United States Court of Appeals District of Columbia Circuit.

Decided July 31, 1950.

Writ of Certiorari Denied Jan. 15, 1951.

See 71 S.Ct. 352.

James Edward Howard Newman, pro se.

George Morris Fay, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., for the United States.

Before FAHY, WASHINGTON and BAZELON, Circuit Judges.

PER CURIAM.

We have before us a petition for reconsideration of an order of this court denying leave to appeal *in forma pauperis.*

Petitioner, James Newman, on January 24, 1947, was sentenced in the United States District Court for the District of Columbia to imprisonment for five to fifteen years upon his plea of guilty to charges of housebreaking and larceny. On March 29, 1949, the District Court denied Newman's motion to vacate sentence, under 28 U.S.C.A. § 2255,[1] in which he alleged, *inter alia,* that his arrest had been illegal, and that a confession given by him was inadmissible because given while he was held without being taken before a committing officer. The trial court denied the motion to vacate, and subsequently denied leave to proceed on appeal *in forma pauperis,* certifying that the appeal was not taken in good faith. A later petition for leave to proceed *in forma pauperis* addressed to this court was denied by us. The instant petition seeks reconsideration of that order.

Leave to proceed on appeal *in forma pauperis* is a statutory privilege which may not be had "if the trial court certifies in writing that it [the appeal] is not taken in good faith," unless "the adverse certificate * * * was made without warrant or was itself not in good faith."[2] It appears that the correctness of the action of the trial court both on the motion to vacate and on the motion to proceed *in forma pauperis* is beyond question. Petitioner's sentence and present confinement resulted not from his alleged illegal arrest and confinement, but rather from the judgment of conviction on his plea of guilty. McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, is inapplicable. Blood v. Hunter, 10 Cir., 150 F.2d 640; Roscoe v. United States, 6 Cir., 148 F.2d 333, certiorari denied 325 U.S. 890, 65 S.Ct. 1581, 89 L.Ed. 2003. See also Redmon v. Squier, 9 Cir., 162 F.2d 195. The petition for reconsideration is accordingly

Denied.

1. 62 Stat. 967, as amended.

2. Dorsey v. Gill, 80 U.S.App.D.C. 9, 30, 148 F.2d 857, certiorari denied, 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003;

27 Stat. 252, as amended, now 28 U.S. C.A. § 1915(a). See also Wells v. United States, 318 U.S. 257, 63 S.Ct. 582, 87 L.Ed. 746; Waterman v. McMillan, 77 U.S.App.D.C. 310, 135 F.2d 807.