## CLOUGH v. HUNTER.

### No. 4238.

United States Court of Appeals,
Tenth Circuit.

July 16, 1951.

Russell F. Thompson, Oklahoma City, Okl., for appellant.

Malcolm Miller, Asst. U. S. Atty., Topeka, Kan. (Lester Luther, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from a judgment dismissing appellant's application for a writ of habeas corpus, discharging the writ and remanding appellant to the custody of the appellee, the Warden of the Leavenworth Federal Penitentiary. The sole question is whether the court below had jurisdiction to entertain appellant's application for the writ.

Appellant was charged by an indictment containing two counts with the offense of transporting two women in interstate commerce for purposes of prostitution and debauchery. He entered a plea on both counts in the United States District Court for the Northern District of Indiana and received consecutive five year sentences. Thereafter he filed a motion in the sentencing court under Section 2255, Title 28 U.S.C., for correction of sentence on the ground that the transportation of the two women at the same time constituted but a single offense. Relief was denied and he was denied the right to appeal in forma pauperis. Thereafter he instituted this action predicated on the same grounds. He alleged that he had completed the first

five year sentence and by reason of the fact that but a single offense had been committed the second sentence was void. The trial court dismissed his application for want of jurisdiction.

█ We have held that Section 2255 was designed to supplant habeas corpus by affording the same relief in the sentencing court under Section 2255 and that a proceeding thereunder was conclusive save only in those cases where the remedy thereunder was inadequate and ineffective. Barrett v. Hunter, 10 Cir., 180 F.2d 510. We have repeatedly held that the grounds that may be urged for relief by motion are the same as could be raised by habeas corpus.[1] It is clear from the record that appellant sought to relitigate the same issue in this proceeding that he tendered in the motion under Section 2255 in the sentencing court. Section 2255, therefore, did afford him an adequate remedy to test his contentions and he may not now proceed by habeas corpus. Since the issues are the same, he is barred from relitigating the same issue in this proceeding. Gebhart v. Hunter, 10 Cir., 184 F.2d 644.

█ Assuming, as appellant contends, that he was denied the right in the sentencing court to appeal in forma pauperis, that did not make the remedy under Section 2255 inadequate. An appeal in forma pauperis is a privilege and not a right. Refusing to grant one the right thus to appeal does not offend the requirements of due process.[2]

Since the court was correct in its conclusion that it lacked jurisdiction, we do not reach the further issue tendered by appellant that one transportation of more than one women at the same time for the interdicted purposes constitutes but a single offense.

The judgment appealed from is affirmed.

1. Barnes v. Hunter, 10 Cir., 188 F.2d 86; Pulliam v. United States, 10 Cir., 178 F.2d 777; Hurst v. United States, 10 Cir., 177 F.2d 894; Hahn v. United States, 10 Cir., 178 F.2d 11.

2. Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857; Huffman v. Smith, 9 Cir., 172 F.2d 129; Johnson v. Hunter, 10 Cir., 144 F.2d 565; DeMaurez v. Swope, 9 Cir., 104 F.2d 758; Newman v. United States, D.C.Cir., 184 F.2d 275.