**DAVIS v. UNITED STATES.**
No. 11216.

United States Court of Appeals
Seventh Circuit.
June 28, 1954.

Howard William Davis, pro se.

Joseph H. Lesh, U. S. Atty., Ft. Wayne, Ind., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

PER CURIAM.

This is a motion to allow an appeal to be prosecuted in forma pauperis.

After a trial before a jury in the United States District Court for the Northern District of Indiana, appellant was convicted on four counts contained in informations, charging violations of §§ 495 and 1708, Title 18 U.S.C. Appellant was sentenced to terms of imprisonment totaling ten years. The judgment of conviction was dated December 17, 1952. It is without dispute that during all stages of the trial and proceedings appellant was represented by competent and diligent court-appointed counsel. An attempted appeal was not perfected.

In February, 1954, appellant filed a motion to vacate sentence under § 2255, Title 28 U.S.C. This motion was denied on February 12, 1954, without a hearing, the court finding that the files and records of the case conclusively showed that appellant was entitled to no relief. Appellant then filed a timely notice of appeal, and at the same time filed application for leave to appeal to this court in forma pauperis. The district court entered an order denying such application

---

1. The district court had in mind the provisions of 28 U.S.C. § 1915(a) as follows: "An appeal may not be taken in *forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

certifying that appellant's appeal is without merit, and that it is not taken in good faith.[1]

Thereafter appellant lodged with the clerk of this court certain motion papers constituting his motion to allow his appeal to be prosecuted in forma pauperis. Upon preliminary consideration of these papers, an order was entered by this court allowing the United States Attorney for the Northern District of Indiana to file an answer and briefs, and same were timely filed and copies thereof were furnished to appellant. Thereafter appellant filed a reply brief in which, among other things, he requested that this court appoint an attorney to represent him on the motion now before the court. We have considered this request and have concluded to deny same since appellant appears to be fully able to competently handle the matters involved. See: United States v. Caufield, 7 Cir., 207 F.2d 278, 280.

Appellant was obligated to establish that this appeal was not frivolous and had merit; otherwise the district court would not be warranted in granting the requested leave. Wells v. United States, 318 U.S. 257, 259, 63 S.Ct. 582, 87 L.Ed. 746; Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 45, 35 S.Ct. 236, 59 L.Ed. 457; United States ex rel. Morris v. Radio Station WENR, 7 Cir., 209 F.2d 105, 107; Higgins v. Steele, 8 Cir., 195 F.2d 366, 369.

The district court, being of the opinion that appellant's appeal "is without merit and is so frivolous that it is not taken in good faith," in other words, that it did not present a substantial question worthy of consideration, was authorized under the statute to refuse the grant of leave to appeal in forma pauperis. United States ex rel. Morris v. Radio Station WENR, 7 Cir., 209 F.2d 105, 107; Higgins v. Steele, 8 Cir., 195 F.2d 366, 369.

This court, reviewing the district court's action in question, will not grant the motion to allow the appeal to be prosecuted in forma pauperis unless it finds from the record that the denial of such leave to appeal by the district court was arbitrary or unwarranted. Higgins v. Steele, 8 Cir., 195 F.2d 366, 369; Newman v. United States, 87 U.S. App.D.C. 419, 184 F.2d 275, 276.

In substance appellant's motion to set aside his conviction and sentence alleges (1) that the arresting officers procured evidence against him by means of and through an illegal search and seizure, and (2) that his confession, as admitted in evidence, was obtained by means of illegal coercion and duress.

It is settled law that a motion for vacation of a judgment and sentence under 28 U.S.C. § 2255 cannot be used in lieu of an appeal to correct errors committed in the course of a trial, even though such errors relate to constitutional rights, including such as are complained of in appellant's allegations. Adams v. United States ex rel. McCann, 317 U.S. 269, 274, 63 S.Ct. 236, 87 L.Ed. 268; United States v. Spadafora, 7 Cir., 200 F.2d 140, 142; Klein v. United States, 7 Cir., 204 F.2d 513, 514; United States, v. Haywood, 7 Cir., 208 F.2d 156, 158–159; Howell v. United States, 4 Cir., 172 F.2d 213, 215; Smith v. United States 88 U.S.App.D.C. 80, 187 F.2d 192, 197; United States v. Walker, 2 Cir., 197 F.2d 287, 288; Barber v. United States, 10 Cir., 197 F.2d 815; United States v. Rosenberg, 2 Cir., 200 F.2d 666, 668; United States v. Lowrey, D.C., 84 F.Supp. 804, affirmed, 3 Cir., 179 F.2d 964.

The district court was fully justified in finding that the appeal involving appellant's motion under 28 U.S.C. § 2255 and his motion for leave to appeal in forma pauperis were both without merit, and were not taken in good faith. Compare: United States v. Fleenor, 7 Cir., 177 F.2d 482, 484.

Accordingly the motion to be permitted to appeal in forma pauperis will be denied, and since our examination of the record shows that the appeal is without merit, it will be docketed and dismissed on that ground.

Motion to appeal in forma pauperis denied.

Appeal docketed and dismissed.