**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Howard William DAVIS, Defendant-Appellant.**

**No. 11629.**

United States Court of Appeals
Seventh Circuit.

May 17, 1956.

William Levinson, Chicago, Ill., for appellant.

Phil M. McNagny, Jr., U. S. Atty., John E. Logue, Asst. U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

MAJOR, Circuit Judge.

Defendant after a trial by jury was convicted in the District Court for the Northern District of Indiana on two informations, one charging a violation of Section 1708 and the other of Section 495, both Title 18 U.S.C.A. (The former is sometimes referred to in the record as the "postal charge" and the latter as the "check charge.") The former information contained three counts and the latter, two. Upon such conviction judgment was entered December 17, 1952, and as a result defendant was and still is confined to prison. On the "postal charge" information defendant was sentenced to five years on count 1, five years on count 2, and five years on count 3, the sentence imposed on count 3 to be served concurrently with that imposed on counts 1 and 2. Defendant was sentenced on the "check charge" information to ten years on count 2, to be served concurrently with that imposed on the three counts of the "postal charge" information. Thus the effect of the judgment was that defendant was sentenced to serve ten years on the charges contained in each information, the sentences to be served concurrently.

Prior to the judgment of conviction defendant was represented by court-appointed counsel. Since the entry of that judgment defendant has pro se sought in a number of actions to invalidate the judgment. Included was a motion for a new trial, supported by affidavits, a motion to disqualify the District Judge under Section 144, Title 28 U.S.C.A., and a motion filed in February 1954, to vacate the sentence under Section 2255, Title 28 U.S.C.A. The latter motion was denied without a hearing and leave to appeal in forma pauperis was denied on the ground that the appeal was without merit and not taken in good faith. Defendant then sought leave from this court to appeal in forma pauperis, which was denied. Davis v. United States, 7 Cir., 214 F.2d 594.

Subsequently, on September 9, 1955, defendant again filed in the District Court a motion to vacate sentence under Section 2255. On October 18, 1955, the District Court entered an order denying the motion to vacate for the reason that "the motion, and the files and records of the case, conclusively show that the petitioner is entitled to no relief." Thereupon this Court entered an order permitting defendant to appeal in forma pauperis and granting his request for the appointment of counsel. Mr. William Levinson, a member of the Chicago Bar, was appointed as such, and he has ably presented the case to this Court both by written brief and oral argument.

Defendant's contention and the record before us are confusing, due perhaps to the fact that most of the record has been made by defendant acting pro se. For this reason we have carefully examined the record, including a transcript of the evidence taken at the original trial, for the purpose of attempting to ascertain if defendant is entitled to any relief. We agree with the District Court, as we did when the appeal was here previously, that there is no merit in defendant's contention that he was deprived of any constitutional rights or was otherwise deprived of a fair trial.

 True, it is argued that the motion now before us raises a different question from those heretofore adjudicated. The gist of the contention now is that defendant was deprived of the effective assistance of counsel because his

court-appointed counsel misrepresented that a certain witness was dead, whose testimony would have supported the defense of entrapment. The motion does not disclose how or in what manner the testimony of such witness would support such a defense or even tend to do so. In the argument, however, the testimony which the absent witness might have given is referred to. We are convinced after a study of the transcript of the original proceeding, that such testimony would not have supported or aided the defense of entrapment. At the most it could have served no purpose other than to cast some doubt upon the testimony of a government witness on a minor and inconsequential point.

The record clearly supports the observation which this Court made on the previous appeal, 214 F.2d at page 595, that at all stages of the proceeding defendant was represented "by competent and diligent court-appointed counsel." The bald representation that defendant's own counsel misrepresented that a witness was dead, particularly without a showing as to the materiality of the testimony which such witness might give, does not, in our judgment, constitute an allegation of a deprivation of a constitutional right which would entitle defendant to a hearing. Moreover, this alleged misrepresentation appears to have been an afterthought. Defendant's motion for new trial and certain affidavits in support thereof were by reference offered in support of the present motion to vacate. In the motion for new trial defendant stated, "It is respectfully submitted that court-appointed counsel, Mr. Doermer, is not to be censured herein. On the contrary, said counsel made every reasonable effort to locate the witness whose testimony was so vital to the defense; that he was deliberately and intentionally deceived, by a party or parties unknown to the petitioner, into believing the important witness was deceased." It is suggested that defendant's counsel might have been deceived by some unknown person connected with the government. Upon this insecure premise it is argued that the situation is controlled by cases which hold that a judgment of conviction obtained by the knowing use of perjured testimony by the government is a nullity. There is no point in citing or discussing such cases because the instant situation furnishes no basis for their application.

While we think there is no merit in defendant's contention that he was deprived of any constitutional right or that he was entitled to a hearing on any claim or assertion that he made in connection therewith, there is a further reason why the defendant cannot prevail on this appeal. A reading of the transcript of the original proceeding clearly discloses that the principal defense to the "check charge" information was that certain government exhibits had been seized as a result of an unconstitutional search of defendant's home. Entrapment as a defense was suggested as to the charge contained in that information but not seriously pressed. More important is the fact that entrapment was not relied upon, not even suggested as a defense to the counts contained in the "postal charge" information. Thus, if we indulge in the violent assumption that the missing witness if present would have supported or even aided defendant in his entrapment defense to the "check charge" information, such testimony would have constituted no defense to the charges contained in the other information. If the judgment predicated upon the "check charge" violations was vacated and set aside, there would remain that part of the judgment based upon the counts contained in the other information. In view of the facts previously recited, defendant would still be confronted with a sentence of ten years and his present position would not be altered. See United States v. Markham, 7 Cir., 191 F.2d 936, 939, and United States v. Iacullo, 7 Cir., 226 F.2d 788, 795.

In conclusion, we have no doubt but that the judgment against defendant was entered only after a fair trial and that the numerous attacks which he has made

thereon are, as the trial Judge has frequently commented, frivolous and without merit. Further, there is no showing that he was deprived of any constitutional right and no allegation or contention relative thereto upon which he was entitled to a hearing.

The order appealed from is, therefore,

Affirmed.