**Louis Emery TELLER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 13641.

United States Court of Appeals
Sixth Circuit.

Feb. 27, 1959.

Stanley Goodman, Cincinnati, Ohio, for appellant.

G. W. Morrison, Cleveland, Ohio, Sumner Canary and G. W. Morrison, Cleveland, Ohio, on brief, for appellee.

Before MILLER, Circuit Judge, and MATHES and SHELBOURNE, District Judges.

PER CURIAM.

On August 24, 1955, in the United States District Court for the Northern District of Ohio, appellant waived prose-

cution by indictment, waived the services of counsel, and entered a plea of guilty to an information charging him with bank robbery in violation of Sec. 2113 (a, d), Title 18 U.S.Code. He received a sentence of 25 years, which he is now serving.

On September 24, 1957, appellant filed a motion under the provisions of Sec. 2255, Title 28 U.S.Code, to vacate this sentence, contending, among other things, that his plea of guilty was not voluntarily and intelligently entered for the reason that it was obtained by threats and promises on the part of agents representing the Government. He specifically charged that the Assistant United States Attorney promised him that if he would waive assistance of counsel and plead guilty to an information, his girl friend and codefendant would not be prosecuted, but that if it was necessary to indict and try the appellant the co-defendant would also be prosecuted and sent to prison, and that relying upon such promise he pleaded guilty to the information. The codefendant was, however, prosecuted and received a sentence of ten years.

■ No answer was filed by the Government denying appellant's allegations. In the absence of such an answer by the Government, appellant's allegations must be accepted for the purpose of this appeal. Dunn v. United States, 6 Cir., 245 F.2d 407, 408; Price v. Johnston, 334 U.S. 266, 292, 68 S.Ct. 1049, 92 L. Ed. 1356. Even if they are considered as being controverted, they present a factual issue which can not be resolved by the files and record of the case, thus making it necessary that the District Judge hold a hearing and make findings of fact and conclusions of law with respect thereto. Sec. 2255, Title 28 U.S. Code; United States v. Hayman, 342 U. S. 205, 219–220, 72 S.Ct. 263, 96 L.Ed. 232.

■ In view of the allegations contained in the motion it can not be said that the motion, the files and records of the case "conclusively show" that the appellant was entitled to no relief. Sec.

2255, Title 28 U.S.Code. On the contrary, they indicate a possible infringement of the constitutional rights of the appellant. Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; Wells v. United States, 318 U.S. 257, 258–259, 63 S.Ct. 582, 87 L.Ed. 746; Euziere v. United States, 10 Cir., 249 F.2d 293. The District Judge was in error in not granting appellant a hearing. United States v. Hayman, supra; Howard v. United States, 6 Cir., 186 F.2d 778, 780; Thomas v. United States, 6 Cir., 217 F.2d 494; Slack v. United States, 6 Cir., 196 F.2d 493.

The judgment is reversed and the action is remanded to the District Court for further proceedings consistent herewith.