Aubrey G. HASSELL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17090.

United States Court of Appeals
Ninth Circuit.

Feb. 1, 1961.

Aubrey G. Hassell, in pro. per.

Charles P. Moriarty, U. S. Atty., George S. Lundin, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

PER CURIAM.

Hassell appeals from order of the District Court, entered without hearing, denying his motion for relief under 28 U.S.C. § 2255. Upon appeal he contends that the court erred in refusing him a hearing since it cannot be said in this case that the files and records conclusively show that he was entitled to no relief.

The action of the District Court was based upon the fact that this was the second motion under § 2255 by which Hassell has attacked the sentence he is now serving. On his first motion he had contended that the information stated no federal offense. The present motion is upon an entirely different ground. It should not then be denied hearing solely upon the ground that it is "a second or successive motion for similar relief" under § 2255. Barrett v. Hunter, 10 Cir., 1950, 180 F.2d 510, 514, 20 A.L.R.2d 965, certiorari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650; Green v. United States, D.C.Mass.1958, 158 F.Supp. 804, 808, affirmed, 1 Cir., 1958, 256 F.2d 483, certiorari denied 358 U.S. 854, 79 S.Ct. 83, 3 L.Ed.2d 87.

The United States does not rely upon this ground, but contends that the files and records upon this motion conclusively show that Hassell is entitled to no relief and that for tihs reason it was proper for the District Court to deny relief.

Hassell pleaded guilty to the charge of having caused forged checks to be transferred in interstate commerce. 18 U.S.C. § 2314. In his moving papers he asserts his innocence and lack of knowledge that the check in question was forged and that he was induced to plead guilty by the promise of a federal officer that if he should do so his woman companion, who was charged with forging the check, would go free and thus not lose custody of her infant child.

Almost this precise factual situation was considered in Teller v. United States, 6 Cir., 1959, 263 F.2d 871, and found sufficient to warrant hearing under § 2255, the court relying upon United States v. Hayman, 1951, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. We agree with that result.

Reversed and remanded with instructions that hearing be granted on appellant's motion.