**Petition of Francisco Diaz LLAMAS.**

**Cr. No. 45944.**

United States District Court
E. D. New York.

Sept. 21, 1961.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., Robert Kreindler, Asst. U. S. Atty., Eastern Dist. of New York, New York City, for the Government.

Francisco Diaz Llamas pro se.

ZAVATT, District Judge.

Petitioner, a prisoner at the United States Penitentiary in Leavenworth, Kansas, seeks leave to appeal in forma pauperis this court's denial of his application for leave to move in forma pauperis to vacate his sentence pursuant to 28 U.S.C. § 2255. Should leave to appeal be granted, petitioner seeks counsel to assist in arguing the merits of his appeal. With his affidavit of poverty and statement of his belief in the merits of his cause, as required by 28 U.S.C. § 1915(a), petitioner also submits appropriate motion papers and a notice of appeal.

The court has been informed by the Clerk of the Court of Appeals that petitioner is concurrently making similar motions before that court. While 28 U. S.C. § 1915(a) provides that both the district court and the court of appeals may grant a litigant's application for leave to appeal in forma pauperis, another part of the same section states that an appeal may not be taken in forma pauperis if the trial court certifies that the appeal is not taken in good faith. Since the allowance of a direct motion to the court of appeals appears to render the certification provision meaningless, most cases require that the district court first be given the opportunity to pass on

the application, e. g., Waterman v. Mc-Millan, 1943, 77 U.S.App.D.C. 310, 135 F. 2d 807, certiorari denied 1944, 322 U.S. 749, 64 S.Ct. 1160, 88 L.Ed. 1580; United States v. Farley, 2 Cir., 1956, 238 F.2d 575, reversed on other grounds 1957, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529; Gilbert v. United States, 9 Cir., 1960, 278 F.2d 61. Thus this court still has jurisdiction to rule on petitioner's application although a notice of appeal has been filed, Spruill v. Temple Baptist Church, 1944, 78 U.S.App.D.C. 324, 141 F.2d 137.

Petitioner was convicted of two narcotics violations for which this court sentenced him to a term of nine years on November 27, 1959. This judgment was subsequently affirmed by the Court of Appeals, United States v. Llamas, 2 Cir., 1960, 280 F.2d 392, and no further direct appeal was sought. Motions for reduction of sentence were made and denied, unpublished memorandum October 24, 1960. Petitioner was represented by counsel of his own choosing both at the trial and on appeal. Different lawyers handled the various stages. After the jury rendered a verdict of guilty, petitioner was a fugitive from justice for almost five months (August 22, 1960 to January 12, 1961.)

■ Since this is a petition for leave to appeal in forma pauperis some attention must be given to the specific allegations of the instant petition to insure that the claim is not all outline without substance, or to use the statutory language, that the "action is [not] frivolous." 28 U.S.C. § 1915(d); see Note, Aid for Indigent Litigants in the Federal Courts, 58 Colum.L.Rev. 832, 841–42 (1958).

In his application petitioner states generally the same grounds for relief asserted before this court in connection with his previous application to proceed in forma pauperis to vacate his sentence pursuant to 28 U.S.C. § 2255, denied in all respects by this court on June 26,

1961. Petitioner's main contentions, the alleged knowing use of perjured testimony by the prosecutor and the alleged incompetence of counsel, were treated in detail at that time and rejected as failing to meet the statutory standard necessary to proceed in forma pauperis. Nothing further is here adduced to warrant changing that conclusion. The bald assertion that petitioner's trial counsel was mentally ill is completely unsupported by anything in the record.

Petitioner now further alleges that the Government failed to prove proper venue. While no support for this allegation appears in the papers sent to us by petitioner, an examination of the papers sent by petitioner to the Court of Appeals indicates that this allegation apparently rests on the alleged failure of the Government to prove that certain streets were in the Eastern District, evidently relying on United States v. Jones, 7 Cir., 1949, 174 F.2d 746. However, the testimony of Government witnesses clearly established the location of these streets in the Eastern District; see transcript of the trial pp. 10, 18, 78. Even were this not the case the Court of Appeals for the Second Circuit would allow us to judicially notice the location of the streets in question. United States v. Spagnuolo, 2 Cir., 1948, 168 F.2d 768. Petitioner's additional allegations of the absence of any evidence tending to show guilt, and other lesser alleged failures of proof are equally unfounded.

In view of the foregoing it is the duty of this court to certify that this appeal is not taken in good faith and petitioner's application is in all respects denied.

This is an order, a copy of which shall be mailed by the Clerk to the petitioner by registered mail, addressed as follows:

Francisco Diaz Llamas
No. 73860–L
United States Penitentiary
Leavenworth, Kansas