Thomas J. ESTES, Appellant,

v.

UNITED STATES, Appellee.

Nos. 3356–3358.

District of Columbia Court of Appeals.

Argued Jan. 21, 1964.

Decided March 20, 1964.

James J. Laughlin, Washington, D. C., for appellant.

Robert D. Devlin, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., Frank Q. Nebeker, Daniel Rezneck and David Epstein, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

On August 28, 1962, appellant was charged by information with a violation of the Uniform Narcotics Act. In October 1962 he was charged with nine additional violations of the same Act. The original information was consolidated with the other cases, and appellant entered a plea of not guilty and demanded trial by jury. After a series of continuances appellant, on March 13, 1963, withdrew his plea of not guilty and demand for jury trial and pleaded guilty to three of the charges and the Government dismissed the remaining charges. After a continuance for probation report appellant was sentenced on May 17, 1963, to thirty days' imprisonment on each of the three charges, the sentences to run consecutively. Appellant immediately noted an appeal, but has taken no steps to effect that appeal.

On May 29, 1963, appellant moved for leave to withdraw his plea of guilty; and

on June 18, 1963, moved to quash the informations. On July 1, 1963, both motions were denied and this appeal is from such denial.

There is grave doubt whether either motion was timely filed,[1] but if appellant was entitled to any relief the burden was on him to show that such was necessary in order to correct a manifest injustice.

■ We first consider the motion to withdraw the plea of guilty. This motion did not assert that appellant was innocent of the charges or that his plea of guilty was entered without full knowledge of its legal effect. We note that when the plea of guilty was entered appellant was represented by experienced counsel who represents him on this appeal. The only ground asserted in the motion is by reference to two affidavits accompanying it. One of the affidavits is that of appellant himself and the other is that of a person named Priggins. The gist of these affidavits consists of complaints of the alleged activities of an acquaintance of appellant named Funk. Funk was in no way connected with the charges against appellant, but the implication or innuendo of the affidavits is that Funk, because of enmity towards appellant, attempted to improperly influence the trial judge against appellant. At the hearing appellant and his witness Priggins attempted to give hearsay evidence regarding Funk's activities.

This testimony, in addition to being purely hearsay, had no relevancy to the plea of guilty, and is not even claimed to have influenced appellant in entering his plea. It furnished no ground for permitting withdrawal of the plea, and no other ground being asserted, the motion was properly denied.

■ Little need be said about the motion to quash the informations. The alleged ground was lack of probable cause for issuance of the warrant of arrest, but no evidence was offered in support of this claim. The motion can be disposed of by the following quotation from Newman v. United States, 87 U.S.App.D.C. 419, 420, 184 F.2d 275, 276 (1950), cert. denied 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665: "Petitioner's sentence and present confinement resulted not from his alleged illegal arrest and confinement, but rather from the judgment of conviction on his plea of guilty."

Affirmed.