27 So.2d 147

### Ex parte LEE.
### 4 Div. 398.

Supreme Court of Alabama.
June 27, 1946.

Rehearing Denied Aug. 2, 1946.

C. L. Hybart and R. L. Jones, both of Monroeville, for petitioner.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

LIVINGSTON, Justice.

This is a petition by Huey R. Lee, Jr., by his next friend L. D. Turberville, for leave to petition the Circuit Court of Barbour County, Alabama, where he was convicted of murder in the first degree, and sentenced to life imprisonment, for a writ of error coram nobis to review that judgment. The judgment of conviction having been here affirmed (Lee v. State, 246 Ala. 343, 20 So.2d 471), the procedure is proper. Johnson v. Williams, 244 Ala. 391, 13 So.2d 683, 686.

As stated in Johnson v. Williams, supra, such application should make an adequate showing of the substantiality of the petitioner's claim to the satisfaction of this Court: a mere naked allegation that a constitutional right has been invaded will not suffice. The application should make a full disclosure of the specific facts relied upon, and not merely conclusions as to the nature and effect of such facts. The proof must enable this Court to "as-

certain whether under settled principles pertaining to such writ the facts alleged would afford at least 'prima facie just grounds for an application to the lower court for a writ of error coram nobis.' And in the exercise of our discretion in matters of this character, this Court should look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. The Supreme Court of the United States in Hysler v. State of Florida, 315 U.S. 411 [316 U.S. 642], 62 S.Ct. 688, 691, 86 L.Ed. 932, said that 'each state may decide for itself, whether, after guilt has been determined by the ordinary processes of trial and affirmed on appeal, a later challenge to its essential justice must come in the first instance, or even in the last instance, before a bench of judges rather than before a jury', and that the procedure outlined above, which we have adopted from the Florida Court, meets the requirements of the due process clause of the Constitution."

We take it that the petition, together with the State's answer, establish the following facts:

Huey R. Lee, Jr., was indicted, tried and convicted in the Circuit Court of Barbour County, Alabama, Clayton Division, on the charge of having murdered his father, Huey R. Lee, Sr., and sentenced to be imprisoned in the penitentiary of Alabama for a term of his natural life. An appeal was prosecuted to this Court where the judgment of the circuit court was affirmed. See, 20 So.2d 471.[1] Huey R. Lee, Sr., was killed on either the 5th or 6th day of July, 1942. On July 20, 1942, and under and by virtue of the provisions of section 426, Title 15, Code of 1940, an inquisition as to the sanity of Huey R. Lee, Jr., was tried by a jury in the Circuit Court of Barbour County, in which proceedings the Hon. J. S. Williams, judge of said court, presided. The jury returned the following verdict: "We the jury find the defendant to be sane." Thereafter, on the 20th day of October, 1942, the grand jury of Barbour County returned an indictment against Huey R. Lee, Jr., charging him with murder in the first degree. On October 22, 1942, the sheriff of Barbour County reported to the Hon. J. S. Williams, judge of the Circuit Court of Barbour County, that Huey R. Lee, Jr., was confined by him in the jail of Barbour County, and that he had reasonable grounds to believe that defendant, Huey R. Lee, Jr., was insane at the time of the commission of said offense, and that he is "insane now". On October 22, 1942, W. D. Partlow, superintendent of the State Hospital for the Insane, under the provisions of section 425, Title 15, Code 1940, made known to the Hon. J. S. Williams, judge of the Circuit Court of Barbour County, that in his opinion Huey R. Lee, Jr., was insane either at the time of the commission of the offense charged against him in the indictment, or presently insane. On October 23, 1942, Hon. J. S. Williams, judge of the Circuit Court of Barbour County, made and entered an order for the removal of Huey R. Lee, Jr., from the county jail of Barbour County to the Alabama State Hospital at Tuscaloosa. Huey R. Lee, Jr., was confined in the Alabama State Hospital at Tuscaloosa for observation from October 24, 1942, until towit July 28, 1943. On July 21, 1943, Dr. W. D. Partlow, superintendent of the Alabama State Hospitals for the Insane, Dr. J. S. Tarwater, and Dr. P. B. Mayfield, members of the medical staff of said institution, reported to the Circuit Court of Barbour County, that, in their opinion, at the time Huey R. Lee, Jr., on towit October 24, 1942, was admitted to the Bryce Hospital in Tuscaloosa, Alabama, which is one of Alabama's state hospitals, he was insane, and that at all times, continually from the date of admission to the hospital to the present date of the report, he has been insane, and that said condition existed prior to and at the time of his admission to the hospital, and prior to and at the time of the alleged offense. On receipt of the report, the circuit clerk of Barbour County ordered the sheriff of Barbour County to remove Huey R. Lee, Jr., from Bryce Hospital to the county jail in Barbour County, to be held there pending disposition of the charge against him. The removal was made on August 3, 1943. On October 21, 1943, Huey R. Lee, Jr., was arraigned, and to the indictment interposed the fol-

lowing pleas: (1) not guilty; (2) not guilty by reason of insanity; and (3) not guilty by reason of insanity at the time of the commission of the offense. The cause was called for trial on October 27, 1943, in the Circuit Court of Barbour County, with Hon. J. S. Williams presiding. After a jury had been empanelled to try the cause, one of the attorneys for defendant, and who had been employed in the cause for more than a year, in his statement of defendant's defense, said, "the defendant pleads not guilty; that he was not guilty by reason of insanity, and that plea put in issue the fact that whether or not, as we in our language sometime express it, a man was insane and incapable of committing crime, and under the Alabama law, did not commit any crime, and in this case, we say he is not guilty and not guilty by reason of insanity." Thereupon the trial court said, "You mean to say to the jury that he was insane at the time of the commission of the offense?" Defendant's attorney replied, "We do not want to differ with the court, and we plead as suggested by the court that he was insane at the time of the commission of the offense."

As stated above, the jury returned a verdict finding the defendant guilty as charged in the indictment, and fixed his punishment at life imprisonment in the penitentiary, and the judgment of the trial court entered on the verdict was affirmed by this Court.

We may concede that in a proper case the writ of error coram nobis may afford a remedy for the relief of an insane person who is convicted without the fact of insanity having been brought to the attention of the trial court, where the circumstances surrounding the case disclose that the defendant was prevented from having the issue raised and presented. Hawie v. State, 121 Miss. 197, 83 So. 158, 10 A.L.R. 205; Swain v. State, 215 Ind. 259, 18 N.E.2d 921, and annotation. But see also Mitchell v. State, 179 Miss. 814, 176 So. 743, 121 A.L.R. 258, where the Mississippi court reconsidered the rules laid down in the Hawie case, supra, and substantially restricted the application thereof.

Insanity existing at the time of the commission of an alleged criminal offense, when properly pleaded and proven, is a complete defense to an indictment charging that offense. Section 423, Title 15, Code of 1940. But insanity occurring subsequent to the commission of the alleged offense is no answer to an indictment charging that offense, and cannot be made the basis of a plea in bar of the prosecution. Jones v. State, 13 Ala. 153. But this is not to say that a defendant charged with a criminal offense, and who becomes insane after the commission of the alleged offense cannot suspend or postpone the trial of his cause until his sanity has been restored. This he may do under the specific procedure provided in section 426, Title 15, Code of 1940.

The benefits of section 426, supra, were invoked in petitioner's behalf on July 20, 1942, and in which proceeding the jury summoned to determine petitioner's sanity as of that time, returned a verdict that he was sane. On October 21, 1943, on the trial for the offense charged in the indictment, the jury in effect found the petitioner sane as of the date of the commission of the alleged offense, and this Court on appeal held that there was evidence to support a fair inference consistent with their verdict. The same judge, Hon. J. S. Williams, who presided at the sanity hearing on July 20, 1942, presided at the trial of defendant for the offense charged in the indictment.

We have demonstrated that insanity existing at the time of the trial is no defense to an indictment.

It is further insisted that the attorneys representing petitioner, on the trial for the offense charged in the indictment were negligent in failing to insist upon an inquiry into the "present" sanity of the defendant before entering into said trial as provided by law (presumably section 426, Title 15, Code of 1940).

One such inquiry had already been made. It is not made to appear in the petition before us that the defendant became insane since that judgment was rendered. How many such inquiries a defendant may make we need not now decide. Laying

aside the question of whether petitioner is bound by the acts of his attorney (see, Mitchell v. State, supra), or whether his negligence is a proper matter of inquiry on a proceeding for writ of error coram nobis, it is sufficient to say that on the record before us, negligence of defendant's counsel who represented him at the trial of the main case, is not here shown.

It is not alleged or shown that the learned trial judge, who presided at the sanity inquisition, and also presided at petitioner's main trial, was unfamiliar with any of the matters made the basis of the petition before us. On the contrary, it is quite clear that he was thoroughly acquainted with every phase of the matters shown by the petition.

 The substantiality of petitioner's claim is not shown to the satisfaction of this Court, and in the exercise of the discretion vested in the Court in such matters we are clear to the conclusion that permission to file a writ of error coram nobis in the lower court should be, and is denied.

Petition denied.

All the Justices concur.