44 So.2d 606

### LEE v. STATE.
### 3 Div. 898.

Court of Appeals of Alabama.
Aug. 15, 1949.

Rehearing Denied Oct. 5, 1949.

C. L. Hybart and R. L. Jones, of Monroeville, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

CARR, Judge.

In Ex parte Lee, 248 Ala. 246, 27 So.2d 147, the Supreme Court denied a petition by Huey R. Lee, Jr. for leave to petition the Circuit Court of Barbour County, Alabama, for a writ of error coram nobis to review a judgment of petitioner's conviction in that court.

In the opinion Justice Livingston sets out the history of the proceedings incident to the trial of petitioner and the questions presented for review in that court.

By a writ of habeas corpus the identical questions are presented for our review on this appeal. The writ was first filed in the Circuit Court of Montgomery County, and there denied.

The Assistant Attorney General insists that habeas corpus is not an appropriate remedy to raise the question of fact as to the insanity of the petitioner at the time of his trial in the circuit court.

■ There seems to be merit in this position. It appears that the common law writ of error coram nobis is the proper remedy.

"Various remedies are available to one who has been convicted of a crime while insane. In some jurisdictions, an application for a writ of error coram nobis is proper; in others, the courts have recognized the right of the defendant, after conviction, to raise by a motion for a new trial the question of his sanity at the time of trial; and in still others, the judgment has been reversed on appeal or error, where the trial judge refused to inquire into the insanity of the accused or refused to admit evidence offered to prove the defendant's insanity. The limited number of decisions bearing upon the point fail to any satisfactory degree to determine whether a motion in arrest of judgment is a proper remedy in such cases." 14 Am. Jur., Criminal Law, Sec. 46, p. 803.

See also, Vernon v. State, 240 Ala. 577, 200 So. 560; Johnson v. Williams, 244 Ala. 391, 13 So.2d 683; 25 Am.Jur., Habeas Corpus, Sec. 84, p. 209.

In State ex rel. Novak v. Utecht, 203 Minn. 448, 281 N.W. 775, 776, the court held, under a statute which directed the district court not to try a person for crime while he was in a state of insanity, "so as to be incapable of understanding the proceedings or making a defense," and which was said to impose a duty on the court, but not go to its jurisdiction, that a failure to comply with the statute was no ground for collateral attack, as by habeas corpus, on the judgment of conviction.

■ This aside, in the Lee case supra, the Supreme Court held that the remedy there sought was proper and proceeded to review the cause on its merits. We have on this appeal the identical questions for review which were decided adversely to the contention of the petitioner in the former proceedings in the Supreme Court.

This is decisive of our review, for our decisions are governed and controlled by

the holdings of the Supreme Court. Title 13, Sec. 95, Code 1940.

The judgment of the court below is ordered affirmed.

Affirmed.

BRICKEN, Presiding Judge, not sitting.