Huey R. Lee, Jr., pro se.

JOHNSON, District Judge.

By petition filed with the Clerk of this Court on November 12, 1957, the above-named, Huey R. Lee, Jr., seeks to have this Court issue a writ of habeas corpus directed to the warden of the Kilby Prison for the State of Alabama and also to the commissioner of the Department of Corrections of the State of Alabama, commanding said State officials to bring said petitioner before this Court and/or show cause for his alleged illegal restraint detention in the Kilby Prison by the State of Alabama.

**Huey R. LEE, Jr.,**

v.

**C. P. BURFORD et al.**

**Civ. A. No. 1388–N.**

United States District Court
M. D. Alabama, N. D.
Nov. 18, 1957.

A study of this petition reflects that Lee claims he is illegally incarcerated and held by the authorities acting upon behalf of the State of Alabama, in violation of the due process and equal protection clauses of the Constitution of the United States, Const. Amend. 14. He specifically alleges that his trial, his conviction, and the sentence to be imprisoned for life on the charge of murdering his father, said proceedings being in the Circuit Court of Barbour County, Alabama, in October of 1943, were illegal and violative of his rights under the Constitution of the United States.

The records of this Court reflect this petitioner filed an almost duplicate of this petition with this same Court in August of 1950. See Civil Action No. 696–N in the office of the Clerk of the United States District Court for the Middle District of Alabama. The same factual matters were alleged and the same legal questions were sought to be raised by Lee in the former action that he now seeks to raise. The legality of petitioner's confinement and detention was determined by the then Judge of this Court. See the order of Honorable C. B. Kennamer, United States District Judge, dated September 11, 1950. In this order, Judge Kennamer denied petitioner's application of August, 1950. The records of this Court also reflect that an appeal was taken, or attempted, from Judge Kennamer's order, to the United States Court of Appeals, for the Fifth Circuit— that court refused to issue a certificate of "probable cause" on November 24, 1950.

The application now before this Court presents no new ground that was not presented to this Court in the application of August 19, 1950. As a matter of fact, the issues sought to be raised by this application were sought to be raised by Lee, not only in this Court but in the Alabama State courts, and in the Supreme Court of the United States. See Lee v. State, 246 Ala. 343, 20 So.2d 471; Ex parte Lee, 248 Ala. 246, 27 So.2d 147, certiorari denied Lee v. State of Alabama, 329 U.S. 808, 67 S.Ct. 621, 91 L. Ed. 690; Lee v. State, Ala.App., 44 So.2d 606, certiorari denied 253 Ala. 424, 44 So.2d 607.

A review of all the records in these actions filed in this Court, in the State court, and in the Supreme Court of the United States, reflects that Judge Kennamer was eminently correct in his ruling of September 11, 1950, and this Court concludes that the ends of justice will not be served by an additional inquiry into this matter.

For the foregoing reasons, the same being viewed in the light of §§ 2244 and 2254, Title 28 U.S.C., this Court is of the opinion that this application for writ of habeas corpus, seeking to have this Court inquire into the legality of the detention of Huey R. Lee, Jr., by the authorities acting upon behalf of the State of Alabama, should not be entertained.

It is, therefore, upon consideration of said application for writ of habeas corpus, the records of this Court, and for good cause shown:

The Order, Judgment and Decree of this Court that the application filed by Huey R. Lee, Jr., seeking to have this Court issue a writ of habeas corpus and inquire into the legality of the detention of the said Huey R. Lee, Jr., by the authorities of the State of Alabama, should be and the same is hereby denied.

It is further Ordered that the Clerk of this Court serve a copy of this opinion and order upon the petitioner, Huey R. Lee, Jr., at his place of incarceration, and also upon the Honorable John Patterson, the Attorney General for the State of Alabama.