160 So.2d 490

Huey R. LEE, Jr.

v.

A. Frank LEE, Com'r Board of Corrections, et al.

3 Div. 973.

Supreme Court of Alabama.

Jan. 2, 1964.

Rehearing Denied Feb. 13, 1964.

Huey R. Lee, Jr., pro se.

Richmond M. Flowers, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

This is an appeal by a prisoner from a judgment of the circuit court denying relief on a petition for habeas corpus.

The prisoner was convicted of murder in the first degree and sentenced to life imprisonment in the penitentiary. Lee v. State, 246 Ala. 343, 20 So.2d 471. The respondent to the writ filed a return showing that the prisoner was held under indictment, trial, and sentence by the Circuit Court of Barbour County. On this showing, the court denied relief and ordered the prisoner returned to custody of respondents as officials of the state who are in charge of prisoners.

The prisoner does not contend that the proceedings which constitute the basis for his imprisonment are irregular or void on their face. He contends there was conspiracy between counsel, who represented him on his trial for murder, and the judge who presided at his trial. The prisoner contends that because of this conspiracy he was convicted and is now deprived of liberty without due process of law.

In reply brief, the prisoner states:

"The Circuit Court of Barbour County, Alabama, is conceded to have been of competent jurisdiction in this matter from the time of appellant's arrest July 6, 1942, up until a certain and particular point in the course of the recorded trial proceedings on the charge of first degree murder. At a certain and particular point, however, that court did forfeit and lose its jurisdiction in the matter of prosecution on the charge of murder in the first degree. * * *"

We are not prepared to agree with appellant that a court which has jurisdiction of a cause can lose jurisdiction during the course of the trial. In any event, such loss of jurisdiction does not appear on the face of the proceedings, by virtue of which appellant is imprisoned, as shown by the petition for habeas corpus and the return of respondent.

Recent decisions of this court hold that where the court proceedings and conviction under which the prisoner is held are of a court of competent jurisdiction and are regular on their face, it is not permissible to impeach the court's jurisdiction by parol testimony. It is only when invalidity appears on the face of the proceedings that it may be impeached on habeas corpus. Ex parte Rockholt, 271 Ala. 68, 122 So.2d 162.

Invalidity does not appear on the face of the instant proceedings and the court did not err in refusing to release the prisoner.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.