**Huey R. LEE, Appellant,**

v.

**STATE OF ALABAMA, Appellee.**

**No. 22994.**

United States Court of Appeals
Fifth Circuit.

Aug. 25, 1966.

Walter Mark Anderson, III, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before BELL and THORNBERRY, Circuit Judges, and FISHER, District Judge.

FISHER, District Judge:

This is another appeal from an order entered by the United States District Court from the Middle District of Alabama denying without a hearing an application for habeas corpus brought by Huey R. Lee, a prisoner of the State of Alabama, serving a life sentence on a conviction of murder.

The District Court entered an order to the effect that since the petitioner presents no new grounds not heretofore presented and determined, 28 U.S.C.A. § 2244,[1] and for reasons stated in the Court's prior orders relative to this applicant, it should not entertain the habeas corpus petition.[2]

---

1. 28 U.S.C.A. § 2244. "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States, or of any State, if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry."

2. "Upon consideration of said application to proceed in forma pauperis and for the reasons recited in the order of this court filed on November 18, 1957, in Civil Action No. 1388–N styled Huey R. Lee, Jr. v. C. P. Burford, et al. [D.C., 156 F. Supp. 480] in the order of this court filed on December 8, 1959, in the case styled In re: Henry R. Lee, Jr.; in the order of this court filed May 30, 1962, in Mis-

The question before this Court is whether the District Court should have granted an evidentiary hearing as required by Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1964) on the contention of the appellant that he has repeatedly been denied a plenary hearing on the issue of an alleged conspiracy between the trial court and appellant's attorney. The allegations of the alleged conspiracy are vague, but it appears that one issue asserted has to do with appellant's sanity at the time of his original trial.

In the original appeal, judgment of conviction was affirmed by the Supreme Court of Alabama and certiorari denied by the Supreme Court of the United States, Lee v. State, 246 Ala. 343, 20 So.2d 471 (1946) cert. den. 325 U.S. 888, 65 S.Ct. 1576, 89 L.Ed. 2002. The record reflects that there was a sanity hearing before a jury shortly after appellant's arrest and about 14 months prior to his trial, finding the appellant sane.

The record further reflects that on January 16, 1946, the appellant filed in the Supreme Court of Alabama his petition for leave to file in the Circuit Court, Barbour County, Alabama, a petition for a writ of error coram nobis to inquire into the issue of insanity of appellant at the time of trial and the Supreme Court of Alabama denied the petition holding, "The substantiality of petitioner's claim is not shown to the satisfaction of this Court, and in the exercise of the discretion vested in the Court in such matters we are clear to the conclusion that permission to file a writ of error coram nobis in the lower court should be, and is, denied." Certiorari was denied by the Supreme Court of the United States, Ex parte Lee, 248 Ala. 246, 27 So.2d 147 (1946) cert. den. 329 U.S. 808, 67 S.Ct. 621, 91 L.Ed. 690.

Appellant next filed a petition for habeas corpus in the Circuit Court of Montgomery County, Alabama, raising the same question of insanity at the time of trial, Lee v. State, 35 Ala.App. 38, 44 So.2d 606 (1949) cert. den. 253 Ala. 424, 44 So.2d 607 (1950). This petition was denied and the Order affirmed on appeal based on the fact that the identical question had already been presented to the Alabama Supreme Court, Ex parte Lee, supra.

In considering the present application the District Court reviewed the record of the numerous appeals by the petitioner and found that appellant was not entitled to relief. We agree with the trial Court.

Appellant raises nothing new in his current effort and merely reiterates that he has been deprived of his liberty without due process of law because of the alleged conspiracy resulting in his conviction at the trial in 1943 at which time he was allegedly insane. This issue of insanity at the time of trial has repeatedly been decided adversely to the appellant by both the State Courts and the Federal Courts. Also a number of habeas corpus writs have been denied by both State and Federal Courts, as reflecting by the various Court decisions and the order of the United States District Court for the Middle District of Alabama denying the current writ.[3]

In Lee v. Wiman, 280 F.2d 257 (5th Cir. 1960) cert. den. 364 U.S. 866, 81 S.Ct. 176, 5 L.Ed.2d 106, notwithstanding the many adverse decisions which would justify the District Court in not entertaining a further application for habeas corpus under 28 U.S.C.A. § 2244, this Court held that another appeal was proper.

" * * * not being entirely satisfied that the ends of justice had been

cellaneous No. 17, styled, In re: Huey R. Lee; in the orders and judgments of the United States Court of Appeals for the Fifth Circuit dated July 18, 1960, November 29, 1963, and December 11, 1963, and in further consideration of Sec. 2244

Title 28 U.S.C.A., this court is of the opinion that the present petition, presented to this Court on April 15, 1965, should be denied."

3. See footnote No. 2.

served, we have given full and complete consideration to the appeal."

In considering the appeal, a thorough analysis of the record of the original trial and all subsequent applications for habeas corpus as well as Court decisions on the issue of insanity at the time of trial was made and this Court concluded that the evidence was sufficient to justify findings of fact that appellant was sane at the time of trial in 1943, quoting the language of the Alabama Supreme Court, Ex parte Lee, supra,

"'One such inquiry had already been made. It is not made to appear in the petition before us that the defendant became insane since that judgment was rendered.'"

Relative to the above quote, Judge Rives held:

"That statement the applicant urges to be erroneous in fact and to be refuted by the findings of the lunacy commission in 1943 on the eve of trial that he was permanently insane. We do not agree. There is no indication that the condition found by the lunacy commission was of recent origin, or had arisen subsequent to the finding of a lay jury in July 1942 that the applicant was sane. A further conclusive answer, we think, is contained in what we have already pointed out, namely, that the report of the lunacy commission was addressed entirely to his 'criminal responsibility' rather than to his competency to understand the nature of the charge against him and to assist in his defense."

Judge Rives concluded at page 266 of Lee v. Wiman, supra, that appellant had not been denied due process of law in the trial of 1943 at which time he was convicted and given a life sentence, to-wit,

"When the trial and appellate State court records showed that the applicant had not been denied due process

of law in the respects claimed, the district court was not required to 'entertain' his application for habeas corpus."

▮ Since the appellant received an adverse determination by the Alabama Supreme Court of the facts concerning the issue of insanity at the time of trial on the original appeal [4] and subsequently on post-conviction application[5] as well as by the Court of Appeals for the Fifth Circuit in a full and complete appeal,[6] the Federal District Court may decline the application for writ of habeas corpus without a rehearing of the facts. Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; United States ex rel. Smith v. Baldi, 1953, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549; 28 U.S.C.A. § 2244.

Subsequent to Lee v. Wiman, supra, but prior to the current application now under consideration, appellant in 1964 filed another petition for habeas corpus in the Circuit Court of Alabama, which was denied, alleging:

"* * * * that there was conspiracy between counsel, who represented him at his trial for murder, and the judge who presided at his trial. The prisoner contends that because of this conspiracy he was convicted and is now deprived of liberty without due process of law."[7]

▮ That allegation, like the allegation in the present petition, is the averment of a mere suspicion and does not comply with Rule 9(b), F.R.Civ.P., requiring the circumstances constituting any claimed fraud to be stated with particularity. See MacKenna v. Ellis, 5 Cir. 1959, 263 F.2d 35.

Thus it is that the District Court did not err in denying a hearing on the question of insanity for the reason that it is a multi-decided question. Moreover,

---

4. Lee v. State, supra.

5. Ex parte Lee, supra.

6. Lee v. Wiman, supra.

7. Lee v. Lee, 276 Ala. 206, 160 So.2d 490 (1964), rehearing denied, February 1964.

948

the District Court did not err in denying a hearing on the claimed conspiracy in view of the failure of appellant to detail the conspiracy.

Affirmed.