**Henry Demps MOORE, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas Dept. of Corrections, Respondent-Appellee.**

No. 75–2442.

United States Court of Appeals, Fifth Circuit.

Feb. 2, 1976.

---

Don R. Hanmer, Dallas, Tex. (Court-appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Merrill Finnell, Robert E. DeLong, Jr., Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before COLEMAN, CLARK and INGRAHAM, Circuit Judges.

COLEMAN, Circuit Judge.

For the third time, Henry Demps Moore, a Texas state prisoner, twice convicted of robbery in that state, seeks habeas corpus relief from the enhancement of his sentence for the second robbery. On this third go around the District Court, without an evidentiary hearing, denied relief. For the reasons hereinafter set forth, we affirm.

### The Facts of the Case

On July 21, 1967, a convenience store in Waco, Texas, was robbed by two black men, wearing Panama hats. The perpetrators proved to be the brothers Moore, Henry Demps and Allen. *Moore v. State*, 466 S.W.2d 289 (Tex.Cr.App.1971); *Moore v. State*, 434 S.W.2d 852 (Tex.Cr.App.1968).

The robbers put the contents of the cash register in a paper sack, then robbed the store manager, an employee, and a number of customers of their personal funds. They snatched several cans of Spam and packs of Pall Mall cigarettes. Their victims had them under observation at close range for some time. Another individual witnessed their flight from the store and their get away in a large, white automobile, during the course of which a hat and some cigarettes were dropped.

Local law officers broadcast a description of the get away car. Soon afterwards, a car of similar description was stopped after forcing a state highway patrol car off the road. After the car was first stopped, it moved in an evasive manner and one of the occupants emerged from the vehicle with a large wad of bills protruding from his shirt pocket. Two loaded pistols, used in the robbery, were found in the car, as well as a paper sack full of change, cans of Spam bearing the store's pricing code, loose packs of Pall Mall cigarettes, and the other Panama hat. The occupants of the car were the Moore brothers. In essence, these men were not caught in the act but they most assuredly were caught "with the goods", and that very soon after the event.

### The State Court Prosecution

Henry Demps Moore was indicted for robbery by assault. For enhancement of the sentence, the indictment alleged that he had been convicted of the same offense in 1958. Represented by appointed counsel, Moore went to trial on a plea of not guilty to the 1968 offense. He was convicted. Under Texas procedure, the next step would have been a trial on the enhancement count, the sole issue being whether the defendant was the same man who committed the 1958 offense. Moore chose to stipulate that he was the same person and he entered a formal plea of guilty to the enhancement count.

It would be difficult to imagine a more thorough, searching examination before accepting a plea than that given Moore in open court by the Texas trial judge. Its excellence justifies its being made a part of this opinion in the margin hereof.[1] It will be noted that Moore

---

1. COURT: Mr. Moore, your attorney, Mr. Khoury, has told me that now that the jury has found you guilty of the primary offense alleged in the indictment that it is your desire to change your plea to guilty as to the second paragraph of the indictment. That's the one that alleges that you were convicted for robbery by assault in Dallas County in 1958. You are familiar with that part of the indictment, are you?

DEFENDANT: Yes, sir.

COURT: And that you desire to change your plea to guilty to that and waive a jury trial and stipulate as to the facts contained in that paragraph and by stipulate, I mean admit that they're true. Is that what you want to do in this case?

DEFENDANT: Yes, sir.

COURT: And have you discussed it with Mr. Khoury?

*five times* repeated his plea of guilty to being the same person convicted of robbery in 1958. Moreover, he stated that *to his satisfaction* he had discussed the matter with his counsel. Finally, he stipulated that he had been adequately represented by counsel at the time of the *first* conviction.

DEFENDANT: Yes, I have.

COURT: To your satisfaction?

DEFENDANT: To my satisfaction.

COURT: You understand, Mr. Moore, that you have the right to have the jury, which is now upstairs out of the courtroom, you have the right to have that same jury pass on this second paragraph and decide whether or not those allegations of a prior conviction against you are true; in other words, to decide whether or not you are guilty of this prior conviction that's alleged in the indictment. You understand that you have the right to have the jury pass on that.

DEFENDANT: Yes, sir.

COURT: But you don't want a jury to pass on it. Is that correct?

DEFENDANT: That's correct.

COURT: All right. And you have discussed it fully with your attorney?

DEFENDANT: I have.

COURT: You understand that if you plead guilty to this second paragraph before the Court, or stipulate as to the truth of it, and the evidence shows that it is true, it would be my duty to find those allegations to be true. In other words, to find that you are guilty of the allegations contained in the second paragraph alleging the prior conviction. Do you understand that?

DEFENDANT: Yes, I understand.

COURT: Then I will consent in writing to your waiving a jury trial as to the second paragraph of the indictment and the State's attorney has consented in writing. I'm going to ask the State's attorney to read the second paragraph. It's after the first paragraph, alleging a prior conviction, and I'll have the State's attorney read it and then I will have the defendant plead to it.

(Mr. Allen reads the second paragraph of the indictment.)

COURT: Mr. Moore, how do you plead to the allegations contained in that paragraph of the indictment?

DEFENDANT: Guilty.

COURT: Now, let me admonish you again of your right to plead not guilty or nolo contendre to that paragraph, and your right to have a jury decide the truth or falsity of the allegations contained in that paragraph, or your guilt. Do you understand that?

DEFENDANT: I understand.

COURT: Now, do you still insist on pleading guilty . . . do you understand that a jury having found you guilty of the primary offense of robbery by assault, that if the allegations in the second paragraph are found to be true, or if you admit them to be true or if they're found to be true that our law requires that you be punished manditorily by confinement in the penitentiary for a term of life. Do you understand that?

DEFENDANT: I understand.

COURT: All right. Now, do you understand—I ask you again—that if you insist on pleading guilty of the allegations contained in that paragraph alleging a prior conviction, and if the evidence shows you guilty, it will be my duty to find you guilty and then assess your punishment at life confinement in the penitentiary. Do you understand?

DEFENDANT: I understand.

COURT: And do you still insist on pleading guilty to the allegations contained in paragraph two of the indictment filed in this case?

DEFENDANT: I am guilty of that.

COURT: All right. And you still insist on pleading guilty to it?

DEFENDANT: I plead guilty to it.

COURT: Are you pleading guilty through any persuasion on the part of anybody or against your will or against your better judgment?

DEFENDANT: No, I'm not. I'm pleading guilty because I'm guilty of that.

COURT: Are you pleading guilty through any consideration of fear that would prompt you to plead guilty?

DEFENDANT: No sir. I'm pleading guilty because I'm guilty of that.

COURT: Are you pleading guilty through any delusive hope of pardon that would prompt you to confess your guilt to those allegations contained in the second paragraph?

DEFENDANT: No sir. I'm pleading guilty because I'm guilty of that.

COURT: Then the Court receives your plea of guilty.

MR. ALLEN: It is stipulated by and between the State of Texas and the attorney representing the defendant, Henry Demps Moore, and the defendant, Henry Demps Moore in person, that he is one and the same person who prior to the commission of the primary offense in this particular case was, on the 4th day of March, 1958, in the Criminal District Court No. 3 of Dallas County, Texas, in Cause No. C–4396–HJ on the docket of said Court, that the Henry Demps Moore present here today was duly and legally convicted in the said last named Court of a felony less than capital and one of like character as alleged against him in the first paragraph hereof, to-wit: robbery by assault upon an indictment then legally pending in said last

Moore's appointed attorney did not file a timely appeal from the 1968 conviction. As a result of his *first* habeas corpus effort, the state courts ordered an out of time appeal. Newly appointed counsel was allowed to withdraw because he considered the appeal frivolous. Moore was then represented on appeal by two attorneys for Staff Counsel for Inmates, Texas Department of Corrections. The sole grounds for appeal were: (1) an erroneous recitation in the sentence (which was reformed), (2) evidence had been obtained by an illegal search and seizure, and (3) appellant had been subjected to an illegal pre-trial lineup. Nothing was said about Moore *not* being represented by counsel or that he had ineffective representation in either 1958 or 1968. The voluntary character of the 1968 guilty plea to the enhancement count was not challenged. The conviction was affirmed, *Moore v. State, supra.*

### Our Review

■ In considering this habeas corpus appeal we take judicial notice of prior habeas proceedings brought by this appellant in connection with the same conviction, *Wells v. United States*, 318 U.S. 257, 260, 63 S.Ct. 582, 87 L.Ed. 746 (1943). This includes state petitions, *Murray v. State of Louisiana*, 5 Cir. 1965, 347 F.2d 825, 827, even when the prior state case is not made a part of the record on appeal, *Paul v. Dade County, Florida*, 5 Cir. 1969, 419 F.2d 10, 12, *cert. denied*, 397 U.S. 1065, 90 S.Ct. 1504, 25 L.Ed. 686. For a proper understanding of protracted litigation we may draw upon the records in all the preceding cases, *Tucker v. National Linen Service Corp.*, 5 Cir. 1953, 200 F.2d 858, 861–62, *cert. denied*, 346 U.S. 817, 74 S.Ct. 28, 98 L.Ed. 343.

named court and of which the said court had jurisdiction, and said conviction was a final conviction and was a conviction for an offense committed by him, the said Henry Demps Moore, prior to the commission of the offense hereinbefore charged against him as set forth in the first paragraph hereof and

### The First Habeas Corpus Effort

We have already noted that as a result of Moore's *first* habeas corpus effort in the state courts he was given an out of time appeal. From the records of that case, on file in the United States District Court, we learn that Moore was then represented by counsel other than that appearing for him when he was convicted; he was given an evidentiary hearing and testified in his own behalf.

As a result of that hearing, the State District Judge found that other than the failure to file an amended motion for a new trial and the failure to give notice of appeal "no testimony was offered in support of allegation number 5 wherein petitioner alleged ineffective counsel".

The State District Court further found that

[N]o evidence was offered on petitioner's allegation that his punishment was illegally enhanced. The record on the hearing on this Writ reflects that the defendant stipulated as to the second count of the indictment and agreed that he was one and the same person who was convicted on the prior offenses.

Obviously, there were no allegations of coercion by trial counsel.

The State District Court further found that the punishment assessed the petitioner "is not the result of the denial of any right of the defendant's, except any right which he knowingly, intelligently and voluntarily waived".

### The Second Habeas Corpus

There matters stood until Moore's out of time appeal was decided and his conviction affirmed by the Texas Court of Criminal Appeals. He then filed, in 1972, a petition for habeas corpus.

that at the time he was tried in C–4396–HJ in Dallas County, Texas, that he was adequately represented by counsel. Is that so stipulated, Mr. Khoury?
MR. KHOURY: Yes, sir.
MR. ALLEN: Is that so stipulated, Mr. Moore?
DEFENDANT: Yes, sir.

Moore contended that the 1958 conviction was obtained on a guilty plea which had not the benefit of any prior meeting or consultation with counsel. He claimed that he was taken into the courtroom where the judge shouted, "Is there an attorney in the house?" One came forward, perfunctorily read off the indictment, and Moore pled guilty. Therefore he contends the prior conviction could not be used for enhancement purposes. He further claimed that in 1968 he pled guilty and stipulated to the enhancement count only because his attorney told him that a new jury would find him guilty of it on the basis of the past court records and that *he would receive an additional 15 years for perjury. These are precisely the same contentions before us now in this third habeas corpus effort.*

The same state judge who heard Moore's 1969 habeas petition reviewed the 1972 claims and denied relief because "nothing new had been alleged in the petitioner's application except what has heretofore been disposed of by this Court, or heretofore judicially admitted before this Court". The Court of Criminal Appeals affirmed without a written order.

Moore then filed his petition (No. W–72–CA–29) in the United States District Court for the Western District of Texas. He alleged nine grounds for habeas relief, among which were the following: (1) that he was denied counsel at a lineup; (2) that his sentence was illegally enhanced by use of the 1958 conviction at which he received only cursory representation; and (3) that his 1968 counsel was ineffective in threatening him with an additional 15 years if he pled not guilty to the enhancement. He was represented by staff counsel for inmates at the Texas Department of Corrections.

On June 25, 1973, "after a careful examination of the records of petitioner's case", Judge Roberts, in a five page memorandum opinion, denied the petition. Based upon the evidence adduced in the 1969 hearing, Moore was found to have knowingly waived his right to counsel at the lineup. From the recorded plea colloquy petitioner's guilty plea to the enhancement count was deemed free and voluntary, thereby waiving all but jurisdictional defects relative to the 1958 conviction. A review of the trial transcript failed to disclose ineffective assistance in 1968. *No appeal was taken.*

This, however, did not end matters.

### The Third Habeas Corpus

In 1974 Moore returned to the state courts with a third petition for habeas corpus. He again claimed that his 1958 conviction could not be used for enhancement because he was indigent, did not waive counsel, and was not represented by counsel, thereby rendering that conviction void. Ineffective assistance of 1968 counsel was again urged (1) for failure to investigate the 1958 conviction and (2) for coercing a guilty plea by threats of punishment for perjury. After reviewing the record, the state district court denied relief without a hearing and the Texas Court of Criminal Appeals affirmed without written opinion.

Moore then filed a new petition in the United States District Court alleging these grounds for relief, the same grounds raised in 1972. In his sworn habeas application, petitioner stated that, *"No,"* he had not filed any prior applications for state or federal habeas. The spaces on the form for the nature, court, and disposition of any previous petitions were left blank.

For the second time, in a memorandum opinion dated December 31, 1974, Judge Roberts denied relief without a hearing. The District Court found that a certified copy of the 1958 judgment and sentence indicated that Moore had appeared with counsel. Therefore, absent any statement by Moore to the contrary, trial counsel could not have been expected to raise a non-representation issue as to 1958; thus his advice to stipulate to the prior conviction did not reflect incompetency or ineffectiveness. The judge also stated the record indi-

cated that the guilty plea to the enhancement charge was understanding and voluntary, and had the effect of waiving all nonjurisdictional defects relative to the prior conviction.

This appeal followed.

### The 1958 Conviction

■ If the 1968 guilty plea to the enhancement count was knowingly and voluntarily entered, the appellant cannot now challenge the validity of the 1958 conviction. We have so held in a case remarkably like this one, *Zales v. Henderson*, 5 Cir. 1970, 433 F.2d 20. We there stated, 433 F.2d at 23:

A guilty plea "differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like [the] verdict of a jury it is conclusive."

*See also Price v. Beto*, 5 Cir. 1971, 436 F.2d 1070.

A perusal of appellant's colloquy with the state district judge leaves no room for doubt in the reasonable mind that the plea was *knowingly* given. The only remaining question is whether it was forced or coerced by an alleged statement by Moore's counsel that, in effect, if he did not so plead he would get an extra penalty of fifteen years for perjury.

### The Voluntary Character of the 1968 Plea to the Enhancement Count

That there was an outstanding 1958 conviction, valid on its face, is not disputed. That this appellant was the man so convicted is not disputed. We can imagine no benefit which Moore could have obtained by taking the witness stand and denying it under oath. On the other hand, false testimony could have resulted in a conviction for perjury, with the accompanying penalty. Moore's counsel had a duty to advise him of this possibility. Moore, however, does not ascribe any discussions on this subject to good advice. He charges that his counsel, in fact, threatened him with an added fifteen years solely if he failed to

stipulate. This assertion has twice been rejected in both state and federal courts on the basis of Moore's declarations in open court when he entered the 1968 plea set forth in Footnote 1.

### Deciding the Appeal Successive Applications for the Writ

We must first decide what effect is to be given to the fact that Moore unsuccessfully litigated these very same issues in the state and federal courts in 1972–73 and there was no appeal.

The initial reaction to these repeated petitions for habeas corpus is to look to 28 U.S.C., Section 2244, dealing with the finality of determination in successive applications for the writ, and to the cases which have interpreted the statute, *e.g., Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948); *Jackson v. Gough*, 5 Cir. 1948, 170 F.2d 630; *Lee v. Alabama*, 5 Cir. 1966, 364 F.2d 945, aff'd, 406 F.2d 466 (1968), *cert. denied*, 395 U.S. 927, 89 S.Ct. 1787, 23 L.Ed.2d 246; *Boles v. Beto*, 5 Cir. 1967, 379 F.2d 614, *cert. denied*, 389 U.S. 963, 88 S.Ct. 349, 19 L.Ed.2d 376.

■ The 1973 judgment of the District Court, finding that the plea was knowingly and voluntarily entered, was a determination on the merits, which makes this successive attack on the same grounds without merit and subject to a dismissal without a hearing. We so held in *Johnson v. Massey*, 5 Cir. 1975, 516 F.2d 1001 (citing *Sanders v. United States, supra*).

■ Nonetheless, we also hold that the declarations of the appellant in open court when he pleaded guilty to the enhancement count adequately established the voluntary character of the plea.

### The Voluntariness of the Plea to the Enhancement Count

■ In federal cases we have repeatedly held that "where the trial court has scrupulously followed Rule 11, F.R. Cr.P., the defendant is bound by his

statements in response to that court's inquiry", *Jackson v. United States,* 5 Cir. 1975, 512 F.2d 772, 773; *Rosado v. United States,* 5 Cir. 1975, 510 F.2d 1098, 1099; *Frank v. United States,* 5 Cir. 1974, 501 F.2d 173, 174.

 One of the purposes of Rule 11 is to ascertain the voluntary character of the plea. If the rule meets constitutional requirements for federal pleas, *a fortiori* the observance of its principles in state court proceedings ought to do the same. We so hold.

Indeed, the history of this habeas corpus litigation, particularly that aspect of it in which Moore swore upon filing the third petition that he had never filed any others, demonstrates that this appellant has abused the great wit, *Johnson v. Massey, supra;* *Fulford v. Smith,* 5 Cir. 1970, 432 F.2d 1225.

### Additional Points

On this record, we attribute no Constitutional significance to the failure of counsel in 1968 to pursue an independent inquiry, *dehors the record,* into the validity of a judgment then ten years old and valid on its face, *see Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

Moore's court-appointed counsel has filed a supplemental brief challenging an uncounseled lineup which occurred before appellant was indicted. This is the fourth time that this issue has been raised. In the 1969 and 1972 habeas proceedings it was considered and found to be without merit.

The Judgment of the District Court is Affirmed.