# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 20, 2010

Lyle W. Cayce
Clerk

No. 09-20428
Summary Calendar

DAVID MICHAEL SHEID,

Plaintiff-Appellant

v.

UNITED STATES  MARSHAL SERVICE, Houston Division; U.S. MARSHAL
NO. 1 JANE DOE, Individually, and in her official capacity; U.S. MARSHAL
NO. 2 JOHN DOE, Individually and in his official capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-3295

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Michael Sheid, federal prisoner # 31957-177 and Texas prisoner
# 60673, appeals the dismissal of a *Bivens*[1] complaint alleging that members of
the United States Marshal's Service (USMS) prevented him from filing a writ of
certiorari from this court's denial of a certificate of appealability (COA) to appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388
(1971).

the denial of 28 U.S.C. § 2254 relief.  Construing the complaint as raising solely a claim of denial of access to the courts, the district court held that the complaint failed to state a claim for relief because Sheid could not demonstrate that he was prejudiced by his inability to file a petition for certiorari.  *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002).

Sheid argues that the district court should not have dismissed his individual capacity claims against the defendant marshals on grounds of qualified immunity prior to allowing him to conduct discovery and serve the defendants.  He urges that the court failed to address claims of substantive and procedural process violations alleged in his complaint; that the court should have considered the substantive constitutional claims raised in the § 2254 petition rather than basing its prejudice analysis on the fact that the petition was dismissed as untimely; and that the court improperly considered matters outside the pleadings when it took judicial notice of the criminal and federal and state proceedings underlying this lawsuit.

Any error in the district court's decision to raise the issue of qualified immunity on its own motion prior to discovery and service of process  is harmless because the identity of the "Doe" defendants is irrelevant to the determination that Sheid was not prejudiced by their alleged interference in his ability to file a petition for certiorari because the issues on which he wished to seek review were meritless.  *See Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998); *see also Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).  The district court did not fail to address Sheid's claims of substantive and procedural due process violations, but it properly held that, accepting those allegations as true, the complaint failed to state a claim for relief because Sheid was not prejudiced by the defendants' actions.  *See Harbury*, 536 U.S. at 415-16.  As Sheid does not explain how the federal habeas court and this court erred in determining that his § 2254 petition was untimely, his suggestion that the district court's assessment of prejudice should have addressed the substantive claims raised in

the federal petition is meritless.  The district did not err by taking judicial notice of the state and federal proceedings at issue in this lawsuit.  *See Cunningham v. District Attorney's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010); *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976).  Dismissal of the complaint is AFFIRMED.

Sheid's motion for appointment of appellate counsel is DENIED.