948 F.2d 1294
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles Robert DAY, Petitioner-Appellant,
v.
James L. SAFFLE; Attorney General, State of Oklahoma,
Respondents-Appellees.
 No. 91-6045.
 United States Court of Appeals, Tenth Circuit.
 Nov. 12, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals from an order of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and denying a certificate of probable cause and leave to proceed on appeal in forma pauperis. On appeal, Petitioner argues (1) he was denied his right to counsel at the preliminary hearings; (2) he was denied a fair trial due to the erroneous admission of State's exhibit No. 4; (3) there was insufficient evidence to support a conviction; (4) state law was violated by allowing admission of exhibit No. 4; (5) his Fifth, Sixth, and Fourteenth Amendment rights were denied when police officers continued questioning him after he invoked his Miranda rights; (6) he was denied due process through the prosecution's injection of evidentiary harpoons; (7) the trial court erred in not requiring the court reporter to make a transcript of the closing arguments after the defense had requested the transcript; (8) the trial court erroneously instructed the jury on confession evidence; (9) the trial court improperly admitted evidence concerning inculpatory statements Petitioner made while incarcerated; (10) he was denied effective assistance of counsel on appeal; (11) he was denied his constitutional right to hybrid representation; (12) he was denied effective assistance of trial counsel; (13) the trial court's denial of his application for post-conviction relief was not based on proper fact findings, thereby denying him due process; (14) the trial court's failure to make an independent determination of his constitutional deprivations constituted fundamental error; (15) the district court erred in failing to hold an evidentiary hearing; and (16) the district court improperly applied procedural bar to many of his claims. We affirm.
 
 
 3
 Petitioner was convicted in Oklahoma district court of second degree forgery. He was sentenced to sixty years' imprisonment. On direct appeal, Petitioner raised the first two issues set forth above. The Oklahoma Court of Criminal Appeals affirmed the conviction.
 
 
 4
 Petitioner then filed an application for post-conviction relief alleging insufficiency of the evidence and improper admission of State's exhibit No. 4. The state district court denied relief, and the Oklahoma Court of Criminal Appeals affirmed, concluding the evidentiary issue had been considered on direct appeal and sufficiency of the evidence could not initially be raised in post-conviction proceedings.
 
 
 5
 Petitioner then filed a second application for post-conviction relief, raising most of the issues set forth above. The district court denied relief, and the court of appeals affirmed. The appellate court determined that Petitioner's argument, that the ineffectiveness of his appellate counsel was cause for his failure to present the arguments on direct appeal or in his first post-conviction relief application, was unsupported, because counsel was competent and not ineffective. Accordingly, the appellate court determined that Petitioner's deliberate bypass of appropriate procedures required invoking state procedural bar.
 
 
 6
 Petitioner subsequently filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, in the district court raising the first fourteen allegations set forth above. Finding no need to hold an evidentiary hearing on any of the allegations, the district court first determined Petitioner was foreclosed from raising all but his first two allegations, because he could not show cause for and prejudice from failing to raise the grounds previously. The district court rejected Petitioner's assertion that there was cause due to ineffectiveness of his appellate counsel. With regard to the two issues decided on the merits, the district court concluded that Petitioner's waivers of counsel at the preliminary hearings were voluntarily and intelligently made with an understanding of the rights given up and the consequences of the waiver, and that the admission of the tape, State's exhibit No. 4, was not so prejudicial as to deprive Petitioner of due process. Accordingly, the district court denied habeas relief and denied a certificate of probable cause and leave to proceed on appeal in forma pauperis.
 
 
 7
 The district court correctly dealt with the issues on appeal, and we agree with its order. We, however, make the following comments.
 
 
 8
 In his application to this court for a certificate of probable cause and leave to proceed on appeal in forma pauperis, Petitioner argues, with respect to all of his claims, that the district court should have held an evidentiary hearing. A district court has discretion to deny a hearing on a habeas corpus petition. See Rule 8(a) of the Rules Governing 28 U.S.C. § 2254 Proceedings. Where, however, "the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding." Townsend v. Sain, 372 U.S. 293, 312 (1963). A federal evidentiary hearing is not required if the state trier of fact has, after a full evidentiary hearing, reliably found the relevant facts. See id. at 312-13. For procedural bar claims, if the district court can determine as a matter of law that a petitioner failed to prove cause and prejudice, the petitioner is not entitled to an evidentiary hearing. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991).
 
 
 9
 After reviewing the record, we are convinced that either Petitioner received a full and fair hearing at the state proceedings or that the legal claims could be resolved on the record. Because the state courts' and district court's determinations are supported by the record, the district court did not abuse its discretion in refusing to grant an evidentiary hearing.
 
 
 10
 Petitioner argues that he was denied his right to counsel in the preliminary hearing proceedings. He contends the state court made no findings on the record that Petitioner rejected appointment of counsel, or that the court advised him of the risks, dangers, or consequences of self-representation, offered appointments of standby counsel, or asked Petitioner if he wanted counsel appointed.
 
 
 11
 A defendant who chooses to represent himself must do so voluntarily, knowingly, and intelligently. Faretta v. California, 422 U.S. 806, 835 (1975); United States v. Allen, 895 F.2d 1577, 1578 (10th Cir.1990). He must be made aware by the trial court of the dangers and disadvantages of self-representation so that the record will show that he made a knowing and intelligent choice. Faretta, 422 U.S. at 835. When the defendant is given a clear choice between waiver of counsel or not, the choice is voluntary as long as it is not constitutionally offensive. United States v. Padilla, 819 F.2d 952, 955 (10th Cir.1987).
 
 
 12
 The portions of the preliminary hearing transcripts concerning the waiver of counsel are set forth on pages seven to nine of the district court's order. Although the state trial court could have been more thorough in its examination of Petitioner, the record reflects, as the state courts and federal district court determined, that Petitioner did knowingly, voluntarily, and intelligently waive his right to counsel at both preliminary hearings. At the first preliminary hearing, the state trial court advised Petitioner of his right to an appointed attorney, the requirement that he must perform as a lawyer, and the court's inability to assist him. Despite these warnings, Petitioner stated that he did desire to represent himself. At the second preliminary hearing,[1] the court again advised Petitioner of his right to a lawyer. Petitioner again told the court that he wished to represent himself and that his retained attorney would represent him after the preliminary hearing.
 
 
 13
 Because the record reflects that Petitioner knowingly, voluntarily, and intelligently waived his right to counsel, see United States v. Silkwood, 893 F.2d 245, 248 (10th Cir.1989) (court of appeals reviews record de novo), cert. denied, 110 S.Ct. 2593 (1990), the district court correctly concluded that Petitioner's constitutional rights were not violated. Petitioner failed to meet his burden of establishing that he did not waive his constitutional right to the assistance of counsel. See Johnson v. Zerbst, 304 U.S. 458, 468-69 (1938).
 
 
 14
 Petitioner next argues that his rights to a fair trial and sentencing were violated by the admission of State's exhibit No. 4. State's exhibit No. 4 was a cassette tape of a conversation between a State's witness and a law enforcement officer in which the witness agreed to help law enforcement authorities obtain drug convictions of individuals other than Petitioner. Although the tape was not played during the trial, Petitioner maintains it was prejudicial error to permit the jury to listen to the tape during deliberations.
 
 
 15
 The Oklahoma Court of Criminal Appeals determined, after making findings of fact which were supported by the record, that the tape was properly admitted, cumulative, and not prejudicial. The district court correctly found that because the tape was not prejudicial and did not render the trial fundamentally unfair so as to deny due process, habeas relief was not warranted. See Hopkinson v. Shillinger, 866 F.2d 1185, 1197 (10th Cir.), reh'g on other grounds, 888 F.2d 1286 (10th Cir.1989), cert. denied, 110 S.Ct. 3256 (1990). Petitioner himself admits the tape was merely cumulative to other testimony. Petitioner fails to show that the tape was played during jury deliberations. Even if it was played, its cumulative nature precluded it from being prejudicial.
 
 
 16
 Petitioner's final argument is that application of procedural default to his remaining issues was improper. He maintains he need not show cause and prejudice in order to have his claims decided on the merits.
 
 
 17
 It is settled that a petitioner must show both cause and prejudice for failure to raise a claim on direct appeal or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). Fundamental miscarriage of justice exists where a constitutional violation caused conviction of someone innocent of a crime. McCleskey v. Zant, 111 S.Ct. at 1470. In this case, Petitioner does not allege facts which would bring him within the fundamental miscarriage of justice exception to the cause requirement. See Gilbert v. Scott, 941 F.2d 1065, 1068 n. 2 (10th Cir.1991); see also Andrews v. Deland, 943 F.2d 1162, 1186 (10th Cir.1991). Thus, the district court correctly applied the cause and prejudice standard.
 
 
 18
 The district court liberally construed the habeas petition as asserting that ineffective appellate counsel was cause for Petitioner's procedural default. Because Petitioner only pointed to counsel's failure to raise certain claims on direct appeal, the district court found no cause for procedural default.
 
 
 19
 Defendants have a right to effective assistance of counsel on appeal. Evitts v. Lucey, 469 U.S. 387, 396 (1985). "Ineffective assistance of counsel may constitute cause for state procedural default where counsel's performance falls below the minimum required by Strickland v. Washington, 466 U.S. 668 (1984)...." Gilbert, 941 F.2d at 1068 (citing Coleman, 111 S.Ct. at 2567; Murray v. Carrier, 477 U.S. 478, 492 (1986)).
 
 
 20
 Petitioner maintains counsel was ineffective because counsel did not raise "obvious fundamental errors." Appellate counsel, however, need not advance every argument on appeal urged by a defendant, regardless of merit. Evitts, 469 U.S. at 394. The mere fact that counsel failed to recognize a basis for a claim or failed to raise a claim is not cause for procedural default. Murray, 477 U.S. 486-87. "The existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Id. at 488. Showing that a factual or a legal basis for a claim was not reasonably available to counsel or that the interference by officials made compliance impractical satisfies the cause standard. Id.
 
 
 21
 Petitioner has failed to establish cause. He has not made a showing of an "external impediment preventing counsel from constructing or raising the claim." Id. at 492; see also McCleskey, 111 S.Ct. at 1472. Also, he has failed to show counsel's representation was "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Because he has failed to show that his counsel was ineffective, he has failed to show cause for the procedural default. See Murray, 477 U.S. at 492.
 
 
 22
 Additionally, Petitioner has failed to show that the results of the trial would have been different if his appellate counsel had raised the arguments he asserts on direct appeal. Thus, Petitioner has failed to prove cause and prejudice.
 
 
 23
 We DENY a certificate of probable cause and leave to proceed on appeal in forma pauperis. Accordingly, this appeal is DISMISSED. Petitioner's Motion for Leave to File an Amended Reply Brief is GRANTED. Petitioner's Motion to Make Correction in Reply Brief is also GRANTED.
 
 
 24
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 A second preliminary hearing was held after the State amended its information to include Petitioner's prior felony convictions