13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles R. DAY, Petitioner-Appellant,
v.
Ron CHAMPION, Respondent-Appellee.
 No. 93-5129.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1993.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Mr. Charles Day, appearing pro se, appeals from the district court's dismissal of his habeas corpus petition, 28 U.S.C. 2254. The parties are familiar with the facts and issues presented in this appeal and we will not restate them here.
 We agree with the district court's conclusion that Mr. Day's federal habeas petition constitutes an abuse of the writ under 28 U.S.C. 2244(b) and 28 U.S.C. 2254, Rule 9(b). "[A] petitioner who presents new claims in a second or subsequent federal habeas petition must show both cause for failing to present those claims in an earlier habeas petition and prejudice therefrom." Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991). "[T]he cause and prejudice standard applies to pro se petitioners just as it applies to petitioners represented by counsel." Id. For substantially the same reasons set forth by the district court, we find that Mr. Day has not shown cause for his failure to present in his August 15, 1990, petition the claims he now alleges in his April 6, 1992, petition. Because he has not shown cause, we need not consider whether he suffered prejudice. Further, a review of the record does not establish that a "fundamental miscarriage of justice would result from a failure to entertain the claim[s]." McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991).
 
 
 1
 We GRANT Mr. Day's motion to make corrections in his reply brief. We AFFIRM the district court's dismissal of Mr. Day's habeas corpus petition. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3