68 F.3d 483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cordell Lee DAY, Jr., Petitioner-Appellant,
v.
Edward L. EVANS, Respondent-Appellee.
 No. 95-6100.
 United States Court of Appeals, Tenth Circuit.
 Oct. 16, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. We grant petitioner Cordell Lee Day's application for a certificate of probable cause in order to reach the merits of the case.
 
 
 2
 Petitioner has previously filed at least three federal petitions for habeas relief challenging the convictions he seeks to void in the instant case. Therefore, the petition is properly dismissed as successive unless petitioner can meet the cause and prejudice test of Coleman v. Thompson, 111 S.Ct. 2546 (1991). The only argument made is that our decision in Kelley v. Kaiser, 992 F.2d 1509 (10th Cir.1993), established a "new rule," Teague v. Lane, 489 U.S. 288, 310 (1989), applicable to petitioner's case. But that case merely dealt with one aspect of a certification hearing we have required since Bromley v. Crisp, 561 F.2d 1351 (10th Cir.1977), cert. denied, 435 U.S. 908 (1978)--whether the burden of proof is on the prisoner. Since petitioner has never before raised even the issue of entitlement to a certification hearing in his earlier petitions, he has not shown how the Kelley decision changed anything significant to his case. Petitioner attempts to invoke the manifest injustice exception to the cause and prejudice standard, claiming he is actually innocent of the "sentence." Yet his own exhibits show a number of prior felony convictions that would support his sentence. His only argument for innocence with respect to those convictions is that they were affected by the technical deficiency of his conviction as a juvenile for robbery in 1959.
 
 
 3
 AFFIRMED.
 
 
 4
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470