76 F.3d 392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cordell Lee DAY, Jr. Petitioner-Appellant,
v.
Edward L. EVANS, Respondent-Appellee.
 No. 95-6336.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1996.
 
 ORDER AND JUDGMENT[1]
 Before PORFILIO, McKAY and KELLY, Circuit Judges.[2]
 KELLY, Circuit Judge.
 
 
 1
 Mr. Day, an inmate appearing pro se and in forma pauperis, seeks a certificate of probable cause from which to appeal the district court's dismissal of a recent habeas corpus petition upon recommendation of the magistrate judge. Mr. Day contends that the sentences he is now serving were unlawfully enhanced based upon prior fraud convictions which were not appealed due to ineffective assistance of counsel. The magistrate judge indicated that this claim had been raised before in Charles Day v. Ron Champion, No. 92-C-285-B (N.D.Okla.), I R. doc. 18 at 3, which Mr. Day concedes, Aplt. Br. at 18, and the district court's disposition was affirmed in this court on the grounds that the claims raised in the petition constituted an abuse of the writ. Day v. Champion, 13 F.3d 405, 1993 WL 516444, unpub. order and judgment (10th Cir. Dec. 13, 1993). See I R. doc. 18 at 3 & doc. 15, ex. L at 4-5 (discussing Mr. Day's prior petitions); see also Day v. Evans, 68 F.3d 483, 1995 WL 607620, unpub. order and judgment (10th Cir.1995) (noting that Mr. Day "has previously filed at least three federal petitions for habeas relief").
 
 
 2
 Mr. Day attempts to expand his claim by contending that he did not learn, until November 1994 through public records of the Oklahoma court clerk, that his counsel had withdrawn the record and transcripts from the clerk's office and that a warrant had been issued for his arrest in 1976 because an appeal had not been perfected on the fraud convictions. I R. doc. 2 at 6.[3] These facts in no way change the claim which is plainly successive. See Rule 9(b), Rules Governing 2254 Proceedings. Even had the claim not been raised earlier, Mr. Day has not shown cause and prejudice, or a fundamental miscarriage of justice which would excuse this latest petition. See McCleskey v. Zant, 499 U.S. 467, 494-95 (1991). His argument that Schlup v. Delo, 115 S.Ct. 851 (1995) somehow renders him factually innocent is unavailing. See Aplt. Br. 17-24.
 
 
 3
 Petitioner has failed to make a substantial showing of the denial of a federal right, see Lozada v. Deeds, 498 U.S. 430, 431-32 (1991) (per curiam); thus, petitioner's request for a certificate of probable cause, 28 U.S.C. 2253, is DENIED, and the appeal is DISMISSED.
 
 
 4
 SO ORDERED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [3]
 The magistrate judge noted that the Oklahoma Court of Criminal Appeals in 1989 recited in its published opinion that no appeal was taken. I R. doc. 18 at 2 (citing Day v. State, 784 P.2d 79, 84 (Okla.Crim.App.1989))