**Filed 5/3/96**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

CORDELL LEE DAY, JR.,

      Petitioner - Appellant,

    v.

R. MICHAEL CODY,

      Respondent - Appellee.

No. 95-6450

(W.D. Oklahoma)

(D.C. No. CIV-95-1411-R)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Cordell Lee Day, Jr., a.k.a. Charles Robert Day,[1] an inmate at the Lexington, Oklahoma, Correctional Center, seeks a certificate of probable cause to appeal the district court's dismissal of his most recent habeas corpus petition. See 28 U.S.C. § 2253. To obtain a certificate of probable cause, a petitioner must make "a substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings." Gallagher v. Hannigan, 24 F.3d 68, 68 (10th Cir. 1994) (citing Barefoot v. Estelle, 463 U.S. 880 (1983)).

We have reviewed Mr. Day's arguments and find no basis for granting the certificate in light of the numerous prior federal habeas petitions he has filed, at least six of which we have addressed on appeal:

Day v. Evans, No. 95-6336, 1996 WL 44225 (10th Cir. Feb. 5, 1996) (denying certificate of probable cause).

Day v. Evans, No. 95-6100, 1995 WL 607620 (10th Cir. Oct. 16, 1995) (noting that Mr. Day "has previously filed at least three federal petitions for habeas relief," and affirming dismissal of petition as successive).

Day v. Reynolds, No. 94-6246, 1994 WL 673052 (10th Cir. Nov. 30, 1994) (affirming denial of petition).

Day v. Reynolds, No. 93-6367, 1994 WL 118204 (10th Cir. Apr. 5, 1994) (noting district court dismissed petition for abuse of the writ, and affirming on the merits).

Day v. Champion, No. 93-5129, 1993 WL 516444 (10th Cir. Dec. 13, 1993) (affirming dismissal of petition for abuse of the writ).

_____

[1]See R. Doc. 2 Ex. A (listing Mr. Day's aliases).

Day v. Saffle, No. 91-6045, 1991 WL 240139 (10th Cir. Nov. 12, 1991) (denying certificate of probable cause on sixteen grounds of alleged error).

See also:
R. Doc. 3 attach. (listing thirteen suits, including eight habeas petitions, filed by Mr. Day in the district court).

Day v. Evans, No. 94-CV-538, Civil Docket at 4, No. 23 (W.D. Okla. Dec. 12, 1994) (summarizing order not to accept future pro se filings from Mr. Day without leave of court).

R. Doc. 6, at 1 ("[T]he Court finds that, like the numerous habeas petitions filed by Petitioner in previous cases, the instant Petition contains no constitutional claim of any legal or factual merit.").

Mr. Day's petition is both successive and abusive. See 28 U.S.C. § 2244(b); Rule 9(b), Rules Governing § 2254 Proceedings; Schlup v. Delo, 115 S. Ct. 851, 863 n.34 (1995); Andrews v. Deland, 943 F.2d 1162, 1171 (10th Cir. 1991), cert. denied, 502 U.S. 1110 (1992); Femia v. United States, 47 F.3d 519, 524-25 (2d Cir. 1995) (court may dismiss subsequent petition sua sponte if record clearly manifests lack of actual prejudice); United States v. Kress, 944 F.2d 155, 162 (3d Cir. 1991) ("While the doctrine of res judicata does not strictly apply in the habeas corpus setting, 'an abusive use of the writ may be prevented and a prior refusal to discharge on a like application may be made the authority for a refusal on subsequent ones.'") (quoting Wells v. United States, 158 F.2d 833, 834 (5th Cir. 1946), cert. denied, 331 U.S. 852 (1947)), cert. denied, 502 U.S. 1092 (1992); R. Doc. 4, at 2-3 (discussing arguments raised previously in Day v. Reynolds, No. CIV-93-480-R (W.D. Okla.), dismissal aff'd, No. 94-6246, 1994 WL 673052 (10th Cir. Nov. 30, 1994)). See generally Mr. Day's prior cases, cited supra.

Mr. Day either fails or refuses to recognize that he has had his day in court. He may not refile every time he concocts a new theory -- or puts a new spin on an old theory -- to collaterally attack the same state court convictions. Cf. Macklin v. Singletary, 24 F.3d 1307, 1314 (11th Cir. 1994) ("The abuse of the writ doctrine is designed to require a habeas petitioner to present all of his claims in a single petition."), cert. denied, 115 S. Ct. 1122 (1995). This "[p]erpetual disrespect for the finality of [his] convictions disparages the entire criminal justice system." McClesky v. Zant, 499 U.S. 467, 492 (1991). This court will not countenance such disrespect, nor will it tolerate abuse of its processes. See Demos v. Storrie, 507 U.S. 290 (1993); Johnson v. Cowley, 872 F.2d 342 (10th Cir. 1989).

Accordingly, the request for a certificate of probable cause is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge